15832, 15833. WHEELER *v.* SALINGER; and *vice versa.*

1. The so-called exceptions pendente lite filed by the defendant, the plaintiff in error in the main bill of exceptions, can not be considered, because it appears that the trial judge expressly "refused" the same. The case is not altered by the fact that the judge thereupon prepared and signed a statement setting forth his rulings, and provided therein that "such facts as the court has certified to be true may be entered upon the minutes." *Love* v. *Love*, 146 *Ga.* 160 (91 S. E. 27); *Watkins* v. *State*, 29 *Ga. App.* 320 (114 S. E. 915).

2. Although it is true that with such "exceptions pendente lite" eliminated there is in the record no assignment of error upon the action of the court in directing a verdict for the plaintiff, this is not cause for dismissing the bill of exceptions brought by the defendant, as suggested in the brief of counsel for the plaintiff, since error is duly assigned therein upon the overruling of the defendant's motion for a new trial. *Gray* v. *Phillips*, 88 *Ga.* 199 (5) (14 S. E. 205); *Crouch* v. *Spooner*, 8 *Ga. App.* 626 (1) (69 S. E. 1129).

3. A provision in a promissory note, that the maker will pay "attorney's fees" if the note is "placed in the hands of an attorney for collection," constitutes a sufficient contract by the maker, in case of liability upon the note, to authorize the recovery of reasonable attorney's fees against him in an action through an attorney upon the note, upon proof of a compliance with the Civil Code, § 4252, and of the reasonable value of the attorney's services in the premises. *Brooks* v. *Boyd*, 1 *Ga. App.* 65 (6) (57 S. E. 1093); *Proctor* v. *Crooker*, 129 *Ga.* 733 (59 S. E. 781). It would be improper, in such a case, to direct a verdict for the attorney's fees, but, as indicated above, there is no proper exception to such direction in the present case.

4. It would be immaterial that the plaintiff, who sued in his own name as an individual, alleged and failed to prove that he was a trader doing business under some other name stated, even though such averment was denied, provided the plaintiff otherwise established his title to the cause of action. "Where a promissory note is payable to a

named person or order, or to the order of a named person, and is indorsed in blank, it is then, until the blank is filled, payable to the holder, and any holder may receive payment, or sue and collect: The payee's order to pay to any holder is not revoked or canceled by the order of some other person to pay a particular individual." *Habersham* v. *Lehman*, 63 *Ga. App.* 380 (1), 383. Thus, whether the name appearing on the back of the note as that of an indorser to the order of another for collection, following certain blank indorsements, was shown to be the plaintiff's trade name as alleged, it sufficiently appeared that the plaintiff, who was in possession of the note suing thereon, was the holder of the legal title thereto.

5. In an action by an indorsee upon the note the indorsement need not be proved unless denied on oath. Civil Code (1910), § 4299. An averment in an answer to such suit, that the "defendant denies that the plaintiff is a bona fide holder and owner of the note sued upon, or any note executed by this defendant or that it has the right to sue the same," does not amount to a denial of the genuineness of the indorsement, and hence does not call for proof of the same.

6. The plea of non est factum as embraced in paragraph 6 of the defendant's answer was not ousted *as a pleading* by other matter in the answer setting up additional separate and distinct defenses, although the inference of the execution of the note might have been drawn from such other matter. The defendant may file inconsistent and contradictory pleas. Civil Code (1910), § 4649; *White Sewing Machine Co.* v. *Horkan*, 7 *Ga. App.* 283 (2) (66 S. E. 811); *Jones* v. *Forehand*, 89 *Ga.* 520 (1) (16 S. E. 262, 32 Am. St. Rep. 81); *Kerr Glass Co.* v. *Americus Grocery Co.*, 13 *Ga. App.* 512 (2) (79 S. E. 381); *Waters* v. *Freeman*, 16 *Ga. App.* 595 (85 S. E. 931); *Mendel* v. *Miller*, 134 *Ga.* 610 (2) (68 S. E. 430); *Wade* v. *Watson*, 129 *Ga.* 614 (2) (59 S. E. 294).

7. But the plaintiff may take advantage of the contradictory nature of the defenses, and may use as an admission against the defendant, a statement made in one of the pleas, though in another part of the answer there is set up a contradictory state of facts. *White Sewing Machine Co.* v. *Horkan*, supra. "Without offering the same in evidence, either party may avail himself of allegations or admissions made in the pleadings of the other." Civil Code (1910), § 5775. Where matter is contained in a pleading, from which inferences may be drawn beneficial to the opposite party, it may be considered as evidence in the record in his favor. *New Zealand Insurance Co.* v. *Brewer*, 29 *Ga. App.* 773 (6) (7) (116 S. E. 922); *Sims* v. *Ferrell*, 45 *Ga.* 585 (3); *Hickson* v. *Bryan*, 75 *Ga.* 392 (2).

8. Although it is true that, where the execution of a note is denied by a plea of non est factum, the note should not be admitted in evidence until some extrinsic proof of its execution has been submitted (*Patton* v. *Bank of LaFayette*, 124 *Ga.* 965 (5), 53 S. E. 664, 5 L. R. A. (N. S.) 592, 4 Ann. Cas. 639), and although it be conceded (no decision upon the point being here necessary) that, where the note is admitted in evidence without objection and the failure to object at the time does not appear to have been intended as an admission of its execution or as a waiver of the failure to supply the preliminary evidence, the de-

fendant does not lose the right to move, at any time before the case is submitted to the jury, to have the note excluded from evidence, on motion then made (*Patton* v. *Bank of LaFayette*, supra; *Blount* v. *Beall*, 95 *Ga.* 182 (4), 22 S. E. 52), yet the defendant's answer in the case now under consideration contained matter, especially in view of the contradictory and inconsistent nature of the defenses asserted, which could have been taken as sufficient extrinsic evidence of the execution of the note to warrant its admission in evidence, and also as evidence sufficient to authorize a verdict in favor of the plaintiff upon the issue of non est factum, when it was not met by any proof whatsoever in support of the plea. This latter is true notwithstanding that before a plaintiff will be entitled to prevail over such defense, the burden is upon him to prove the execution of the paper by a preponderance of the evidence: *Bank of Norwood* v. *Chapman*, 19 *Ga. App.* 709 (6) (92 S. E. 225). The court, therefore, did not err in overruling the motion to exclude the note from evidence, based upon the ground that no foundation had been laid for its introduction; and since the defendant offered no evidence whatsoever, either upon the issue of non est factum or otherwise, it can not be said that the verdict in favor of the plaintiff was without evidence to support it.

9. "Before the trial judge is authorized to grant a new trial on newly discovered evidence, it must appear that the movant or his counsel could not, by ordinary diligence before the trial, have discovered such evidence offered as newly discovered. Since a motion for a new trial upon the ground of newly discovered evidence, and the showing made in support of such motion, are addressed to the sound discretion of the trial judge (*Burnett* v. *Neves*, 82 *Ga.* 241, 9 S. E. 128; *Featherston* v. *Rounsaville*, 73 *Ga.* 617; *Exchange Bank* v. *Cone*, 18 *Ga. App.* 432, 89 S. E. 489; Civil Code (1910), §§ 6085, 6086), a bare recital in the affidavit of the movant or his counsel that the newly discovered evidence offered 'could not have been discovered by the exercise of ordinary care' is but a mere conclusion, without a disclosure of the facts upon which such conclusion is based, and the trial judge is not bound to conclude that the affiant had exercised the required diligence. *Taylor* v. *State*, 132 *Ga.* 235, 237 (63 S. E. 1116); *Patterson* v. *Collier*, 77 *Ga.* 292 (3 S. E. 119)." *Evans* v. *Grier*, 29 *Ga. App.* 426 (3) (115 S. E. 921); *Holders* v. *Farmers Exchange Bank*, 30 *Ga. App.* 400 (6, 7) (118 S. E. 467).

10. As indicated above, the only questions properly raised for decision are contained in the motion for a new trial; and, since there is no valid assignment upon the direction of the verdict, the record is to be taken as if the case had been submitted to the jury. *Alley* v. *Candler*, 155 *Ga.* 739 (1) (118 S. E. 354). The court did not err in overruling the motion upon any ground therein taken.

DECIDED DECEMBER 17, 1924.

Complaint; from city court of Tifton—Judge J. H. Price. July 5, 1924.

S. R. Salinger, "trading as S. R. Salinger and Company," brought suit against Alonzo Wheeler, for principal, interest and

attorney's fees, upon a promissory note of which the following is a copy:

"Post Office, Tifton, Ga., February 10, 1921.

"$382.00. Twelve months after date I promise to pay to the order of O. Bergersen three hundred eighty-two and no/100 dollars at Bank of Tifton, Tifton, Georgia, value received,. with eight (8) per cent. interest from date after maturity, and attorney's fees if placed in the hands of an attorney for collection. (Signed) Alonzo Wheeler."

The note bore the following indorsements:

"O. Bergersen,

"A. S. Phelps,"

"Pay any bank, banker, or trust company of Tifton, Georgia, or order, for collection and prompt returns. S. R. Salinger and Company, Bankers, Chicago, Illinois."

The defendant filed a sworn answer, which (omitting parts not here material) was as follows:

"3. Defendant admits that the note is unpaid and he refuses to pay the same or any part thereof. The remainder of said paragraph is denied, for the good reason that this defendant does not owe and has never owed said note.

"4. Fourth paragraph of plaintiff's petition is denied.

"5. Fifth paragraph of plaintiff's petition is denied. Further answering said paragraph, defendant denies that there is a sufficient contract set out in the note attached to plaintiff's petition as 'Exhibit A' as will entitle the plaintiff to recover attorney's fees.

"6. Further answering plaintiff's petition, defendant says that he never executed the note sued upon, the same is not his act or deed, neither did he authorize any other person or persons to execute said note for him, neither has he ratified said note since its execution.

"7. Defendant says that he is illiterate and can not read and write sufficient to understand the terms of a contract such as the note sued on. Defendant says that he did execute a note to O. Bergersen, and said O. Bergersen, after the. note was written by him, read said note to this defendant, because he could not read the same sufficiently to understand it, and in the note was written these words, or this substance: 'That this note is not negotiable or to be traded. The purchaser is to have twelve months from the date

of the execution of the note to try out the light plant, and if the light plant is not satisfactory in every way at the expiration of this time, the said O. Bergersen is to remove the plant at his expense or cost, and deliver to the maker of the note his contract and the note.' And if these terms and conditions are not written in the face of the note, these terms and conditions have been erased or the said O. Bergersen committed a fraud upon this defendant in the writing of the note. This defendant relied with explicit confidence upon said O. Bergersen in the writing and reading of the note for the reasons herein stated, and if the terms and conditions herein stated are not as stated in said note, then said note was procured by a fraud from this defendant and is void.

"8. Defendant denies that the plaintiff is a bona fide holder and owner of the note sued upon or any note executed by this defendant, or that it has the right to sue the same.

"9. For want of sufficient information, defendant can neither admit or deny that S. R. Salinger is trading as S. R. Salinger & Company whether it is a trade name or corporation. Defendant requires strict proof of said allegation. This defendant says that the note he executed to O. Bergersen was for a light plant, that the note was executed before the installation of the light plant before this defendant had an opportunity to see the same, was then and now without consideration, and is void not only in the hands of the original payee, but in the hands of an innocent purchaser.

"10. O. Bergersen, the payee of said note, guaranteed that the plant would be put in out of the heaviest galvanized iron generator and galvanized piping. The light plant instead of being put in as guaranteed the cheapest grade of ungalvanized iron piping was used, the same was unfit for the purpose for which it is used, and is worthless. The plant was installed to be tested for a period of twelve months, that if the plant was not entirely satisfactory for every reason, at the expiration of twelve months the said O. Bergersen would take it out without one penny of cost to this defendant. The plant has not given satisfaction in any way, as it fails to burn, fails to operate, and fails to give light. The entire equipment is of the cheapest material, and is entirely worthless and unsuitable for the purpose for which the plant was installed for which it was to be used, all of which was known to O. Bergersen at the time he induced the defendant to permit him to install said plant, that it is

entirely worthless as a light plant, and is entirely worthless to this defendant for any purpose whatever. That as soon as this defendant could test the plant he immediately notified the said O. Bergersen that it was entirely worthless, unsuited for the purpose for which it was sold and installed, and to come and remove the plant, yet the said O. Bergersen has failed and refused and continues to fail and refuse over the request of this defendant to remove said plant from the premises of this defendant."

*R. A. Hendricks,* for Wheeler.

*W. B. Bennet,* contra.

BELL, J. (After stating the foregoing facts.) After verdict for the plaintiff for principal, interest, and attorney's fees as sued for, the defendant filed a motion for a new trial, which was overruled, and he excepted. The facts, in addition to those contained in the statement above, are sufficiently indicated in the headnotes. It is not deemed necessary to elaborate any of the rulings therein made.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. Jenkins, P. J., and Stephens, J., concur.*