## 44198.' TAYLOR v. CRAWFORD.

DEEN, Judge. 1. The plaintiff in this case was standing either on or slightly to the defendant's right of the center line of Broad Street in the City of Augusta, waiting for eastbound traffic to clear so that he could continue across the street, at about 7 a.m. on a December morning when most cars were still driving with lights, when he was struck by the defendant who had made a right turn into Broad Street at an intersection some hundred feet away from the point of impact. The intersection had a traffic light and marked crosswalks; there was no crosswalk at the place the plaintiff was crossing, which was at the foot of a bridge opposite a mill, and the plaintiff's action was in violation of a subsisting Augusta ordinance introduced in evidence and requiring pedestrians not crossing at crosswalks to yield the right of way to vehicular traffic on the roadway. Under these circumstances it was error to charge the jury that "a pedestrian and a person with an automobile have each the right to use the public highway, but *the right of an operator of an automobile upon the highway is not superior to the right of a pedestrian,* and it is the duty of each to exercise his right with due regard to the corresponding rights of the other. The driver of an automobile is bound to use reasonable care to anticipate the presence on the streets of other persons having equal rights with himself to be there." "[A]n ordinance fixing reasonable rules and regulations for the use of city streets is applicable to all pedestrians, as otherwise motorists would always travel the streets

at their peril." *Russell v. Corley*, 212 Ga. 121 (1) (91 SE2d 24). The city ordinance in question was in the language of *Code Ann.* § 68-1657: "Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway," as to which statute this court held in *Wells v. Alderman*, 117 Ga. App. 724, 733 (162 SE2d 18): "But the rule as to the duty of pedestrians crossing at places *other than at a crosswalk* is stated in *Code Ann.* § 68-1657, which is different from that indicated in this charge, and for this reason the charge was error." In *Wells*, as here, the charge excepted to was taken from *O'Dowd v. Newnham*, 13 Ga. App. 220 (80 SE 36). This differentiates the case from *Greene v. Helms*, 115 Ga. App. 447 (154 SE2d 892) (where the plaintiff was crossing at a crosswalk); *Shelton v. Rose*, 116 Ga. App. 37, 39 (156 SE2d 659) (where it appeared that the point of impact was within city limits and at an intersection, and the crosswalk question did not arise, but the court held: that "the equal rights referred to are rights as dictated by applicable traffic regulations, including those pertaining to right of way") and from *Roseberry v. Freeman*, 97 Ga. App. 545 (103 SE2d 745), which involves a different problem relating to the relative rights of vehicular traffic and pedestrians forced by an excavation in the sidewalk to step into the street in order to skirt the blocked-off area. The appellee contends that because the plaintiff was in the street first, and because he was facing in a direction opposite to that from which the defendant was approaching, his right was equal or superior to that of the defendant, and accordingly the charge was not error as against the latter. While we agree that the fact that the plaintiff was jay-walking gives the defendant no right to run him down if in the exercise of ordinary care he could have avoided hitting him, it is an uncontroverted fact that the plaintiff was guilty of negligence per se in placing himself in the middle of the street, not in a crosswalk and not at an intersection without regard to traffic approaching from behind, and his right to recover, if any, depends not on his equal right to the street but on a determination of the defendant's negligence under the last clear chance rule. Although the plaintiff was negligent, and although the duty was on him to yield the right of way, the real issue for the jury is whether the defendant

should have discovered him standing motionless in a position of peril in time to have avoided hitting him. The instruction was based on an erroneous legal theory under the facts of this case, and demands a reversal.

2. "There [is] no error in refusing to admit evidence of a customary or habitual violation of the law by others as a basis and reason for the violation by plaintiff. If such were permissible then defendant might well have offered to show that people who drive vehicles along this street do so at speeds in excess of that allowed by law as an excuse for his violation on this occasion." *Etheridge v. Hooper*, 104 Ga. App. 227, 230 (121 SE2d 323), and see to the same effect *King v. Harmon*, 97 Ga. App. 456 (1) (103 SE2d 428). It was not proper to allow the plaintiff to prove that other pedestrians crossed at the point where he attempted to cross the street for the purpose either of negativing negligence on his own part or of showing negligence on the part of the defendant, the defendant having denied any knowledge of such custom or that he had seen people crossing in the area where the plaintiff was hit.

3. "Without offering the same in evidence, either party may avail himself of allegations or admissions made in the pleading of the other." *Code* § 38-402. Where the pleading is inconsistent, the admission, not the denial, prevails. *City of Moultrie v. Schofield's Sons Co.*, 6 Ga. App. 464 (1) (65 SE 315). "Where matter is contained in a pleading, from which inferences may be drawn beneficial to the opposite party, it may be considered as evidence in the record in his favor." *Wheeler v. Salinger*, 33 Ga. App. 300 (7) (125 SE 888). Here the defendant's answer was contradictory in that in one part certain paragraphs of the petition were admitted whereas in another part they were denied. There was no error in refusing to formally admit the denials into evidence, and there is no enumeration of error on allowing the unsworn admissions to be introduced although this was not a necessary or proper procedure. Both parties had the right to argue from the record any matter contained in the pleadings, without formal introduction of these paragraphs of the answer in evidence. *Chamblee v. Johnson*, 200 Ga. 838 (3) (38 SE2d 721).

4. The remaining enumerations of error are without merit.

*Judgment reversed. Bell, P. J., and Eberhardt, J., concur.*

ARGUED JANUARY 9, 1969—DECIDED FEBRUARY 28, 1969.

*Fulcher, Fulcher, Hagler, Harper & Reed, William C. Reed, N. William Pettys, Jr.,* for appellant.

*Eugene M. Kerr, Jay M. Sawilowsky,* for appellee.