## 27263. HOUSING AUTHORITY OF CITY OF DOUGLAS v. MARBUT COMPANY.

ARGUED JULY 10, 1972—DECIDED SEPTEMBER 7, 1972.

*E. R. Smith, Jr.,* for appellant.

*Martin, Snow, Grant & Napier, Cubbedge Snow, Sr., H. J. Quincey,* for appellee.

GRICE, Presiding Justice. The broad question here is whether an appeal should have been dismissed by the Court of Appeals. It turns upon whether the notice of appeal set forth a statement of the judgment from which the appeal is taken as required by the Appellate Practice Act (*Code Ann.* § 6-802).

This question arose from an action filed in the Superior Court of Coffee County by Marbut Company against Housing Authority of the City of Douglas to recover damages for alleged breach of contract.

To the complaint the appellant filed a motion to dismiss, which was denied on July 26, 1971.

Subsequently a trial was had, resulting in a judgment against the appellant, which was entered on October 11, 1971. This judgment recited in material part as follows: "[I]t being understood that the rights of [appellant] are preserved to file a timely appeal to the Court of Appeals of Georgia or the Supreme Court of Georgia on the overruling and denying by court order of a written motion filed by the [appellant] to dismiss the complaint of the [appellee] on a question of law; said hearing having been held on said motion on the 23rd day of April, 1971, and order entered overruling and denying said motion to dismiss on the 26th day of July, 1971."

The notice of appeal was filed October 25, 1971. It recited insofar as necessary to state here, as follows: "Notice is hereby given that the [appellant] hereby appeals to the

Court of Appeals of Georgia from the order of the [superior court] dated the 26th day of July, 1971, in which order the [judge] denied the written motion to dismiss the complaint filed by the [appellant] . . . ; and subsequent thereto under stipulation of agreement entered into by and between counsel for [appellee and appellant] the issues of fact in said case were submitted to the [trial judge] for determination without the intervention of a jury on October 11, 1971 . . . and after hearing evidence from the [appellee] judgment was rendered by the court for the [appellee] and against the [appellant] . . ."

The appellant enumerated as error the overruling and denying of its motion to dismiss the complaint, reciting all the subsequent events of the case.

The Court of Appeals, in a five-to-four decision, dismissed the appeal. *Housing Authority of City of Douglas v. Marbut Co.*, 125 Ga. App. 806 (189 SE2d 101).

We granted the appellant's application for certiorari deeming the question to be of sufficient gravity and importance, particularly because of its anticipated recurrence in appellate procedure in the light of recent appellate rule changes.

What we deem to be decisive of this appeal are (1) the appellant's enumeration of error and (2) the recent Court of Appeals rule change, referred to above.

As hereinbefore stated, the enumeration of error complains of the overruling and denying of the appellant's motion to dismiss the complaint, reciting all subsequent events including the rendition of the final judgment for damages.

Significantly, the Court of Appeals, on March 2, 1972, amended, to become effective immediately, its Rule 14, by adding thereto the following subsection (e): "The enumeration of errors shall be deemed to include and present for review all judgments necessary for a determination of the errors specified." Judgment in the case at bar was rendered thereafter on March 10, 1972, and rehearing was denied on March 28, 1972. We add that the Supreme Court on the same date adopted, with only clerical differences, a like amendment.

That rule, as thus amended, covers the situation here.

Although the notice of appeal merely recites that subsequent to the order appealed from a trial was had and a judgment rendered against the appellant, the enumeration of error complaining of the overruling and denying of the appellant's motion to dismiss the appellee's complaint certainly does include and present for review the final judgment for monetary damages in the appellee's favor, under the liberalized provisions of Rule 14, supra. Without such judgment there would be no final judgment entitling an appeal and enumerating as error the interlocutory order overruling the motion to dismiss, as contemplated by *Code Ann.* § 6-701 (a) and (b).

The Appellate Practice Act provides further that "Where it is apparent from the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing, what judgment or judgments were appealed from or what errors are sought to be asserted upon appeal, the appeal shall be considered in accordance therewith notwithstanding that the notice of appeal fails to specify definitely the judgment appealed from . . ." *Code Ann.* § 6-809 (d).

Here, it is apparent from all three of these which judgment is appealed from.

We therefore conclude that the notice of appeal was proper.

For the foregoing reasons the Court of Appeals erred in dismissing the appeal.

*Judgment reversed. All the Justices concur, except Jordan, J., disqualified.*