29703, 29704. HOLCOMB et al. v. GRAY; and vice versa.

INGRAM, Justice.

The primary issue in these appeals is whether the trial court erred in granting plaintiff a writ of mandamus which requires defendants to consider plaintiff's application for a "liquor by the drink" license for a location in the City of College Park lying within Clayton County. A secondary issue is whether this appeal should be dismissed because it was unreasonably delayed by plaintiff's tardy payment of costs in the trial court.

The appeal will not be dismissed. Defendants made a motion in the trial court to dismiss the appeal and after a hearing it was denied. We affirm the trial court. It is the policy of both appellate courts in Georgia to attempt to avoid dismissing appeals and to try to reach the merits of every case when it can be done consistent with the mandate of the law. E.g., see, *Southeastern Plumbing Supply Co. v. Lee,* 232 Ga. 626 (208 SE2d 449); *Brookshire v. J. P. Stevens Co.,* 133 Ga. App. 97 (210 SE2d 46); and, *Gilbert v. Reynolds,* 233 Ga. 488.

The City of College Park lies in Fulton and Clayton Counties. The sale of liquor by the package was authorized in Fulton County by a special election conducted on March 30, 1938. In 1967, the City of College Park was ordered by the Superior Court of Fulton County to issue licenses for the sale of package liquor in that part of College Park lying within Fulton County. In 1970, the City of College Park held a city-wide referendum, pursuant to Code Ann. § 58-1083, to determine whether the city would issue licenses for the sale of liquor by the

drink. The voters of the city in both the Fulton and Clayton areas participated in the election and a majority of the voters approved the issuance of licenses by the city for the sale of liquor by the drink. The city issues licenses for these sales in the Fulton County section of the city, but does not issue such licenses in the Clayton County section of the city since Clayton County is "dry" as to the sale of liquor by the drink.

All parties concede that the authority to issue licenses for the sale of liquor in package stores is a prerequisite to the authority to license the sale of liquor by the drink. The defendants contend the city does not have authority to issue package store licenses in the Clayton County section of the city, and therefore the city is without authority to issue licenses for the sale of liquor by the drink in the Clayton County part of the city.

It is correct that at one time a municipality could issue licenses for the sale of liquor by the drink only in that part of its territorial limits within a county in which package stores were authorized. See Ga. L. 1964, pp. 771-774. This statute specifically stated that the provisions of the 1938 Alcoholic Beverages Statute (Ga. L. 1937-38, Ex. Sess., p. 103) applied to "any city or municipality in that part of such cities lying within such counties" where package sales had been authorized. However, in 1973, this provision was deleted. See Ga. L. 1973, pp. 610-613. The Act, as amended, appears in Code Ann. § 58-1083 (a) and it now reads, in pertinent part, as follows: "Anything in this Chapter to the contrary notwithstanding, every county or municipality in the State of Georgia where the sale of distilled spirits or alcoholic beverages is authorized by law may, through proper resolution or ordinance, authorize the issuance of licenses to sell distilled spirits or alcoholic beverages for beverage purposes by the drink, said sales to be for consumption only on the premises."

Plaintiff argues that with the deletion of this earlier qualifying phrase from the statute by the General Assembly, College Park became authorized to consider applications for the sale of liquor by the drink throughout the city. Defendants argue that the city still has no authority to consider such licenses for locations within the

Clayton County portion of the city.

Is College Park a municipality that is authorized by law to issue package licenses? Unquestionably it is, and therefore it meets the requirement of the statute. We cannot attribute to the General Assembly the intent to do a useless act by the specific deletion in language which it made by the 1973 enactment. The trial court carefully considered this question and decided that the amended statute unambiguously provides that the City of College Park is now authorized to consider applications for licenses to sell liquor by the drink throughout the corporate limits. "[W]here the language of an Act is plain and unequivocal, judicial construction is not only unnecessary but is forbidden." *City of Jesup v. Bennett,* 226 Ga. 606, 609 (176 SE2d 81). We agree with the trial court's construction of these statutes and will affirm its decision.

*Judgment affirmed. All the Justices concur.*

ARGUED MARCH 11, 1975 — DECIDED MARCH 18, 1975.

*George E. Glaze, Kirby A. Glaze,* for appellants.
*Sutherland, Asbill & Brennan, John A. Chandler, Charles T. Lester, Jr., James P. Groton,* for appellee.