### 50468. JOHNSON et al. v. DANIEL.

Stolz, Judge.

Plaintiffs appeal the trial court's grant of the defendant's motion for directed verdict. The defendant moves to dismiss the appeal on the grounds that the notice of appeal does not satisfy the requirements of the Appellate Practice Act in that it does not specify which order, judgment or ruling appellant complains of.

The plaintiffs' notice of appeal is as follows:

"Come now the plaintiffs in the above-styled case, within the time prescribed by law and within thirty (30) days from the date of the court's order and judgment, present this their notice of appeal and pray that the same be certified in order that said case may be carried to the Court of Appeals of Georgia, so that the errors herein may be considered and corrected by that court.

"Plaintiffs most respectfully submit this their notice of appeal."

The plaintiffs' enumeration of errors stated:

"The court erred when it granted defendant-appellee's motion for direct [sic] verdict on the grounds that plaintiffs-appellants failed to sustain the burden of proof required to make a prima facie case."

1. Examination of *Ballew v. State,* 225 Ga. 547 (170 SE2d 242), *Head v. Gulf Oil Corp.,* 225 Ga. 21 (165 SE2d 658) and *Hicks v. State,* 121 Ga. App. 52 (172 SE2d 453), which we are urged to follow, reveals a clear distinction between the notice of appeal and/or enumeration of errors in those cases and that which is quoted above in the case before us. Code Ann. § 6-809 (d) (Ga. L. 1965, pp. 18, 29, as amended) provides: "Where it is apparent from the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing, what judgment

or judgments were appealed from or what errors are sought to be asserted upon appeal, the appeal shall be considered in accordance therewith notwithstanding that the notice of appeal fails to specify definitely the judgment appealed from or that the enumeration of errors fails to enumerate clearly the errors sought to be reviewed." Our Rule 14 (e) (and Rule 14 (e) of the Supreme Court) provides: "The enumeration of errors shall be deemed to include and present for review all judgments necessary for a determination of the error specified." Applying the above to this case, it is apparent that the final judgment appealed from is the order granting the directed verdict for the defendant. See *Housing Authority of City of Douglas v. Marbut Co.,* 229 Ga. 403 (191 SE2d 785). "It is the policy of both appellate courts in Georgia to attempt to avoid dismissing appeals and to try to reach the merits of every case when it can be done consistent with the mandate of the law." *Holcombe v. Gray,* 234 Ga. 7 (214 SE2d 512) and cits. The motion to dismiss the appeal is denied.

2. This case arose out of an occurrence in which a 7-year-old child was struck by an automobile. There are two claims presented in a single lawsuit; one by the mother for hospital expenses, medical bills and medication, the other by the child for personal injuries. At the conclusion of the plaintiffs' evidence, the trial judge directed a verdict in favor of the defendant in both cases. The essence of the defendant's motion was that there was no evidence placing the defendant at the scene of the occurrence, i.e., that the defendant was the driver of the automobile that struck the 7-year-old plaintiff. The defendant's answer denied the paragraph of the complaint containing the allegation that the defendant was the driver of the car in question. However, the defendant subsequently amended her answer by adding the following: "*Second Defense.* . . Defendant shows that at the time and place alleged in the complaint she was confronted with an emergency as that term is defined by law; that said emergency arose through no act or omission of defendant; and that, as a result, plaintiffs are not entitled to recover of defendant. . . *Third Defense.* . . Defendant shows that the incident alleged in the

complaint was an accident as that term is defined by law and, as a result, plaintiffs are not entitled to recover of defendant. . . *Fourth Defense*. . . Defendant shows that the sole proximate cause of plaintiffs' injuries and damages was the negligence of the plaintiff Reginald Johnson so that, as a result, plaintiffs are not entitled to recover of defendant. . . *Fifth Defense*. . . If defendant was negligent, which negligence she specifically denies, then her negligence was equaled or exceeded by that of the plaintiff Reginald Johnson so that, as a result, plaintiffs are not entitled to recover of defendant."

" 'Without offering the same in evidence, either party may avail himself of allegations or admissions made in the pleading of the other.' Code § 38-402. Where the pleading is inconsistent, the admission, not the denial, prevails. *City of Moultrie v. Schofield's Sons Co.,* 6 Ga. App. 464 (1) (65 SE 315). 'Where matter is contained in a pleading, from which inferences may be drawn beneficial to the opposite party, it may be considered as evidence in the record in his favor.' *Wheeler v. Salinger,* 33 Ga. App. 300 (7) (125 SE 888)." *Taylor v. Crawford,* 119 Ga. App. 262, 264 (3) (167 SE2d 404).

Moreover, there was evidence in the record from which the jury would have been authorized to find that the defendant was the driver of the automobile involved.

3. The victim of this tragedy was a 7-year-old child. Under our law, there is no presumption that the child did or did not exercise due care or does or does not have sufficient capacity to recognize danger or to observe due care. *Brewer v. Gittings,* 102 Ga. App. 367, 373 (4) (116 SE2d 500) and cits. The foregoing are matters which address themselves for resolution by a jury. Courts can make such determination only in those cases which are plain and palpable. Certainly under the evidence in this case, it cannot be held that this 7-year-old child was guilty of such contributory negligence as would bar a recovery as a matter of law or that the defendant was so free from negligence as to prevent a recovery against her as a matter of law.

4. Further, the defendant cannot now challenge the mother's right to sue for medical expenses, etc., on the theory that such action lies with the father. The

defendant did not question the mother's capacity to sue at the outset, as required by Code Ann. § 81A-109 (a) (Ga. L. 1966, pp. 609, 620).

The judgment of the trial court directing a verdict in favor of the defendant is reversed.

*Judgment reversed. Bell. C. J., Clark, Webb and Marshall, JJ., concur. Pannell, P. J., Deen, P. J., Quillian and Evans, JJ., dissent.*

SUBMITTED APRIL 9, 1975 — DECIDED SEPTEMBER 2, 1975 — REHEARING DENIED OCTOBER 1, 1975.

*Joseph Jones, Jr.,* for appellants.
*Shelfer, Shelfer & Eldridge, William S. Shelfer, Jr.,* for appellee.

DEEN, Presiding Judge, dissenting.

Code Ann. § 6-802 requires that the notice of appeal contain "a concise statement of the judgment, ruling or order entitling the appellant to take an appeal," as does the form for notice of appeal set out in Code Ann. § 6-1202. Code Ann. § 6-809 (d) requires consideration "notwithstanding that the notice of appeal fails to specify definitely the judgment appealed from," etc. However, in *Ballew v. State,* 225 Ga. 547 (170 SE2d 242) it was held that not specifying the judgment *definitely* was one thing, and failing to specify *any judgment* still required dismissal (although, as shown in the dissenting opinion, there was only one final judgment in the record). The same rule was followed in *Head v. Gulf Oil Corp.,* 225 Ga. 21 (165 SE2d 658) and in *Hicks v. State,* 121 Ga. App. 52 (172 SE2d 453). In this case the plaintiffs merely recite that within 30 days of the court's order and judgment they "present their notice of appeal and pray that the same be certified in order that said case may be carried to the Court of Appeals of 'Georgia," etc. Nor is any final judgment mentioned in the enumeration of errors, which directs itself only to the grant of the motion for verdict. Neither the notice of appeal nor the enumeration of errors, therefore, specifies any final judgment. In this it differs from *Housing Authority of City of Douglas v.*

*Marbut Co.,* 229 Ga. 403 (191 SE2d 785), where it does at least appear in both the notice of appeal and the enumeration of errors that there was a final judgment for money damages. Neither the notice of appeal nor the enumeration of errors specifies an appealable judgment, as required by statute.

I would grant the motion to dismiss the appeal.

I am authorized to state that Presiding Judge Pannell and Judges Quillian and Evans join in this dissent.

EVANS, Judge, dissenting.

The notice of appeal in this case is from "the court's order and judgment" with no description whatever as to said order and judgment.

The enumerations of error contend that the court erred when it granted "motion for direct [sic] verdict." Thus, there is no appeal from a final judgment in this case.

Code Ann. § 6-802 provides that appeals shall state, "a concise statement of the judgment, ruling, or order entitling the appellant to take an appeal." This statute was not complied with by appellant.

Code Ann. § 6-809 (d) provides that appeal shall not be dismissed "where it is apparent from the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing, what judgment or judgments were appealed from or what errors are sought to be asserted upon appeal." Applying this statute, the enumeration of errors therefore makes it plain that only the motion for directed verdict is appealed from, and that no final judgment entered thereon is appealed from.

In *Williams v. Keebler,* 222 Ga. 437, 438 (150 SE2d 674), it is held that "a verdict is not an 'appealable decision or judgment' within the purview of the Appellate Practice Act."

In *Hurst v. Starr,* 226 Ga. 42 (172 SE2d 604), it is held that where the notice of appeal is as to the sustaining of a motion for directed verdict without appealing from the subsequent judgment, the motion to dismiss must be sustained. To the same effect, also see *Smith v. Sorrough,* 226 Ga. 744 (177 SE2d 246).

In *Gibson v. Hodges,* 221 Ga. 779 (147 SE2d 329), at

page 782 (2), it is held that: ". . . a judgment must be entered before an appeal is taken is a rule of reason which has long existed."

In *Ballew v. State,* 225 Ga. 547 (170 SE2d 242), an appeal is dismissed because the notice of appeal does not set forth "a concise statement of the judgment, ruling or order entitling the appellant to take an appeal."

From all of the foregoing, it is quite clear that the appeal should be dismissed. I also fully concur in the dissent by Presiding Judge Deen.