## 53426. GILLAND v. LEATHERS et al.

SHULMAN, Judge.

In an appeal to this court, appellant failed to cause to be filed on time a transcript of the evidence and proceedings. Some two weeks past the deadline, appellee moved in the trial court to dismiss the appeal. The trial court denied the motion to dismiss and granted an extension of time of approximately two months for the filing of the transcript. Appellant appeals to this court. *Held:*

Code Ann. § 6-809 (b) governs dismissal of appeals for failure to cause the transcript to be filed and grants discretion to the trial court on the question of ordering the dismissal if it is shown that the delay was inexcusable and unreasonable. In the case of *Young v. Climatrol &c. Corp.,* 237 Ga. 53, 55 (226 SE2d 737), our Supreme Court held: "Under the Appellate Practice Act, the dismissal of an appeal is not mandatory except for the three specific instances contained in the above section. All three relate to dismissals by the appellate courts. The provision authorizing the trial court to dismiss an appeal specifies that two elements must be present: One is that the delay was unreasonable and the other is that the unreasonable delay was inexcusable. In passing upon these issues, the trial court has discretion; however, it is a legal discretion which is subject to review in the appellate courts. See *Gilman Paper Co. v. James,* 235 Ga. 348 (219 SE2d 447). . . In considering the question of unreasonable delay, it should be remembered that the time provided for filing the transcript or record is not jurisdictional, but merely a means of avoiding unreasonable delay so that the case can be presented on the earliest possible calendar in the appellate courts."

"It is the policy of both appellate courts in Georgia to attempt to avoid dismissing appeals and to try to reach the

merits of every case when it can be done consistent with the mandate of the law. *Holcombe v. Gray,* 234 Ga. 7 (214 SE2d 512) and cits." *Johnson v. Daniel,* 135 Ga. App. 926, 927 (219 SE2d 579).

"Punctuality is a virtue of high order, but truth and justice are even more exalted; hence the demand for punctuality in pleading should not be so strict as to prevent inquiry into truth and to deny justice where the delinquency is reasonably excusable. Therefore, while the law makes requirements of punctuality in pleading, it also usually makes provision for relieving against the penalties imposed for a lack of this virtue, when the interests of truth and justice require it. This may be said to be the general policy of the law. *Bass v. Doughty,* 5 Ga. App. 458, 460 (63 SE 516)." *First Nat. Ins. Co. v. Thain,* 107 Ga. App. 100, 102 (129 SE2d 381).

The trial court did not abuse its discretion in denying the motion to dismiss the appeal or in granting the application for an extension of time to file the transcript.

*Judgment affirmed. Quillian, P. J., and Marshall, J., concur.*

ARGUED FEBRUARY 3, 1977 — DECIDED MARCH 9, 1977 — REHEARING DENIED MARCH 24, 1977 —

*Jack K. Bohler,* for appellant.

*Troutman, Sanders, Lockerman & Ashmore, Alan E. Lubel,* for appellees.