54832, 54833. McLENDON ELECTRIC COMPANY v. McDONOUGH CONSTRUCTION COMPANY et al.; and vice versa.

BIRDSONG, Judge.

This case involves a direct appeal by McDonough Construction Company and a cross appeal filed by McLendon Electric Company. The trial court, after a bench trial, entered judgment against McDonough in favor of McLendon but in favor of Urban Medical Services Associates and St. Paul Fire & Marine Ins. Co. against McLendon.

The facts show that Urban contracted with McDonough to construct a hospital and a medical office building on land owned by Urban. McDonough subcontracted the electrical work on the two buildings to McLendon and obtained a performance bond indemnifying the bond's obligees, Urban and Urban's financier, Fulton National Bank, against claims by subcontractors for contractual failure between Urban and McDonough. During the performance of the contract to construct the two buildings, Urban became dissatisfied with the electrical work. At the conclusion of the contract,

McLendon demanded its final payments from McDonough for work performed. McDonough sought advances from Urban of sufficient money to pay McLendon and its other subcontractors. Urban refused to make the final payments until corrective work had been performed by McDonough or its subs. McLendon filed materialman's liens for the work performed when prompt payment was not forthcoming. Following demand for payment by McLendon upon McDonough as prime contractor, Urban as owner, and St. Paul as surety, with refusal by all three, McLendon filed the present suit against all of the present defendants. After 1,860 pages of record and transcript, the trial court rendered judgment in favor of McLendon against McDonough but held that McLendon was not entitled to a lien against Urban's property nor to recover from St. Paul under the surety bond. These appeals followed. Inasmuch as the appeals arise out of the same facts, we will treat the cases as one. *Held:*

1. In its appeal (case no. 54833), McDonough raises four enumerations of error. By its first two enumerations, McDonough raises an issue of apparent first impression in this state involving an interpretation of subsection 9 (c) of the Civil Practice Act (Ga. L. 1966, pp. 609, 620; Code Ann. § 81A-109 (c)). It is uncontested that the contract between McDonough and McLendon contained the following language: ". . . Final payment shall be made within 45 days after the completion of the work included in this subcontract, written acceptance of same by the Architect and owner, or their authorized representatives and full payment thereof by Owner." The parties agree that this language constitutes conditions precedent to payment by McDonough to McLendon. It is also uncontested that the work was not finally accepted by the owner nor was full payment made to McDonough by the owner. Nevertheless, in Paragraph 4 of the count against McDonough, McLendon alleged that it had ". . . fully performed its contracts with McDonough and all conditions precedent have been performed, or have occurred or have been excused." In its answer, McDonough stated simply, "The allegations contained in Paragraph 4 of the complaint are denied."

Subparagraph 9 (c) of the Civil Practice Act dealing with the pleading of special matters, provides: "(c) Conditions Precedent. In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity."

In its findings of fact and conclusions of law, the trial court specifically found that in its complaint, McLendon alleged in general language that the conditions precedent had been performed, occurred or excused. The court also found that at no time prior to or during the trial did McDonough deny as a matter of record the performance or occurrence of conditions precedent specifically and with particularity as required by Rule 9 (c) of the Civil Practice Act. The trial court concluded therefore that McLendon's general allegations were admitted by McDonough.

McDonough argues that its general denial is sufficient under the modern concept of notice pleadings, especially when coupled with McLendon's incorporation by reference into its own pleadings of the contract provisions mandating the performance of the condition precedent. McLendon relies upon the unambiguous language of § 9 (c). Counsel in their briefs state that there are no Georgia cases interpreting this portion of § 9 (c), and our research confirms this finding.

Section 9 (c) of the Civil Practice Act is taken verbatim from § 9 (c) of the Federal Rules of Civil Procedure. While we are not bound by the interpretations of this section in federal decisions, we certainly can consider those interpretative decisions as persuasive. There appear to be three decisions directly interpreting this phase of Federal Rule § 9 (c). Lumberman's Mut. Ins. Co. v. Bowman, 313 F2d 381, 387 (5-7) (10th Cir. 1963); Midland Engineering Co. v. John A. Hall Const. Co., 398 FSupp. 981, 991 (N.D. Ind., 1975); and Ginsburg v. Ins. Co. of North America, 427 F2d 1318, 1321 (6th Cir. 1970). The main thrust of these decisions is best illustrated by Ginsburg in which it was held, in substance, that where the plaintiff affirmatively pleads performance of conditions precedent in general language and the

defendant makes only a general denial of that pleading, the failure of a condition precedent does not become an issue and is not a matter of proof by the plaintiff. This was further amplified in the Midland Engineering case at p. 991 where it was held: "It should first be noted that each of these plaintiffs have alleged in their complaint that they have completed all conditions precedent to receipt of payment. Rule 9(c) of the Federal Rules of Civil Procedure requires that denial of a performance or occurrence of a condition precedent be pleaded specifically and with particularity. At no point in the two-and-a-half year history of this case have the defendants set forth such a denial; thus the allegations must be taken as admitted. Rule 8 (d), F. R. C. P." We find great similarity in the factual situation relating to the pleading problem in the Midland case and this case. Under the express language of Code Ann. § 81A-109 (c), a denial of the performance or occurrence of a condition precedent as a matter of defense must be stated specifically and with particularity. Such a denial not having been advanced by McDonough either before or during trial, the requirement of proof of the occurrence of conditions precedent was waived and admitted by McDonough.

McDonough urges that approximately two weeks after the trial, it amended its answer to include a denial specifying in particular language the failure of conditions precedent. The reasonable intendment of Ga. L. 1966, pp. 609, 627; 1968, pp. 1104, 1106; 1972, pp. 689, 694 (Code Ann. § 81A-115) however, is that after the time for a pre-trial conference has passed and neither the court nor the parties have insisted upon the entry of a pre-trial order and no such order is entered, pre-trial proceedings end with the commencement of the trial proper and the taking of evidence. The unfettered right to amend ceases and a party may amend his pleading only by leave of court or by written consent of the adverse party. McDonough obtained neither leave of court nor the consent of McLendon to change its general denial to a denial of the performance of a condition precedent with specificity and particularity. Under these circumstances, the trial court did not err in concluding that McDonough had failed to comply with CPA § 9 (c) and thereby admitted the

allegations of compliance with any and all conditions precedent. It is the law of this state that a party to a suit will not be allowed to disprove an admission made in his pleadings without withdrawing it from the record. *Fla. Yellow Pine Co. v. Flint River Naval Stores,* 140 Ga. 321 (78 SE 900); *Venable v. Block,* 138 Ga. App. 215, 216 (225 SE2d 755).

Appellant McDonough further argues that the court erred in finding that failure of the conditions precedent did not bar remuneration under the contract. In effect, McDonough urges that the trial court found there were no conditions precedent. McDonough misconstrues the ruling of the trial court. The trial court did not deny the existence of conditions precedent in the contract, simply that McDonough had admitted fulfillment or waiver. Further, we find nothing inconsistent with McLendon's incorporation by reference of the conditions precedent into its pleadings with an allegation that those same conditions precedent had met with compliance. In sum, we find no merit to the first two enumerations of error made by McDonough.

2. In its third enumeration of error, McDonough asserts that the trial court erred in disregarding an earlier order entered by a different judge in the case indicating the necessity of a pre-trial order and the failure subsequently to direct the entry of such a pre-trial order.

The language utilized by that judge indicated that a pre-trial conference would be appropriate and that such a conference should be held in sufficient time to allow the entry of a formal pre-trial order. Clearly this was nothing more than a suggestion by the court. There was no time set for such a conference nor requirement that the parties report to the court or move the court for such pre-trial activity. No party availed itself of the court's suggestion by moving for a pre-trial conference, nor was there any motion for a pre-trial order. As a result, no pre-trial order was ever entered. In the absence of a request or a specific direction by the court, there was no harmful error in the court's failure to enter a pre-trial order. *Yeomans v. Smith,* 130 Ga. App. 574 (1) (203 SE2d 926); *Smith v. Davis,* 121 Ga. App. 704 (175 SE2d 28).

McDonough seeks to show prejudice by arguing that it was required to enter numerous objections, withdraw a counterclaim without prejudice, and in general, the case was more complex because the issues had not been refined by a pre-trial conference and order. This is nothing more than a complaint that the case had difficult issues. Appellants had stipulated the case to trial and proceeded without objection. In the absence of a showing how the failure of a pre-trial conference or order prejudiced a specific item of evidence or a specific procedure, appellants have shown error without prejudice. When a plaintiff in error brings a case here, he must show error which has hurt him. This court is not an expounder of theoretical law, but it administers practical law, and corrects only such errors as have practically wronged the complaining party. *Brown v. City of Atlanta,* 66 Ga. 71.

3. In its fourth enumeration of error, McDonough alleges that the trial court, on the basis of the best evidence rule, erroneously excluded evidence by one of the owners of Urban as to the costs of repair work required to correct work allegedly performed improperly by McLendon. We do not reach the issue of the propriety of the trial court's ruling, inasmuch as the issue was not properly preserved for appellate consideration. When the witness' testimony was offered, counsel for *McLendon* objected. The trial court sustained the objection on the basis of the best evidence rule. No exception was taken to this ruling by McDonough, nor did counsel for McDonough offer to show whether the witness' testimony was based upon his personal knowledge, upon his familiarity with bookkeeping entries, or upon any other credible or admissible basis.

It is a sound rule that a judgment will not be reversed on an exception (and, a fortiori, in the absence of an exception) to the refusal of the trial court to allow a competent witness to testify, where the record does not show what testimony the witness was expected to give. *Clark v. Bd. of Dental Examiners,* 240 Ga. 289, 292; *Hickox v. State,* 138 Ga. App. 882 (3) (227 SE2d 829). It is not enough to set forth thereafter in an appellate brief what the witness would have answered. The error, if any,

must have been committed at trial, and the ruling must have been made, not on a question only, but in light of the facts about which the witness would have testified. *Griffin v. Henderson,* 117 Ga. 382 (2) (43 SE 712); *Cooper v. Mercantile Nat. Bank,* 137 Ga. App. 605, 611 (224 SE2d 442). This enumeration likewise is without merit.

4. In the final enumeration of error, McDonough complains that the trial court erred in ignoring a change order which required a reduction in the charges demanded by McLendon. The change order was the final one offered to McLendon by McDonough and was intended to consolidate and finalize the payment schedules from McDonough to McLendon and included some disputed payments. McLendon's witnesses stated that McLendon would have accepted a lesser amount, but, in the absence of payment, McLendon contended that the change order was in the nature of a compromise which never was accepted by McLendon. McDonough presented the document as evidence that McDonough owed less than McLendon demanded in its petition. The trial court heard the evidence and found that the change order was, as claimed by McLendon, an unconsummated compromise offer. With reference to actions in the trial court tried upon the facts without a jury, it has been held consistently that even though the findings of fact contended for by the appellant would have been authorized by the evidence presented on the trial, yet, where the facts found by the trial court were authorized by the evidence, such findings will not be set aside. *Brook Forest Enterprises v. Paulding County,* 231 Ga. 695 (203 SE2d 860); *Balkcom v. Vickers,* 220 Ga. 345 (138 SE2d 868). On appeal, this court applies the "any evidence" rule. *Veasley v. State,* 142 Ga. App. 863 (237 SE2d 464). This enumeration lacks merit.

5. In its cross appeal, case no. 54832, McLendon enumerates as error the grant of the motion to dismiss filed by St. Paul and the grant of judgment in favor of Urban and in not granting McLendon a special lien upon Urban's property.

As to the first enumerated error, we find no error by the trial court. McLendon argues that because the surety bond was to indemnify Urban, and Urban's financier, against claims by the subcontractors, the ultimate

beneficiary was a subcontractor. As a subcontractor, McLendon argues that it was a third-party beneficiary which could sue in its own right to recover amounts owing from Urban to McDonough and from McDonough to McLendon through the surety bond. See *Union Indem. Co. v. Riley,* 169 Ga. 229 (150 SE 216); *Fidelity & Deposit Co. v. Pittman,* 52 Ga. App. 394 (183 SE 572); *Pacific &c. Ins. Co. v. Cummins Diesel of Ga.,* 213 Ga. 4 (96 SE2d 881).

Whether a subcontractor has a beneficial interest in a surety bond depends upon several factors. First, the subcontractor must have a beneficial interest to protect. The subcontractor must have not only a legal claim on the contractor for the price of the services furnished, but it must also have been within the contemplation of the parties to the surety contract that the bond should indemnify the subcontractor. If there is any privity between the surety on the bond and the subcontractor, that privity must be found in the terms of the written contract. See *Glens Falls Indem. Co. v. Southeastern Const. Co.,* 207 Ga. 488 (62 SE2d 149).

In this case, the contract bonds expressly recited that McDonough, the principal, and St. Paul, the surety, were held and firmly bound to Urban and Fulton National Bank as obligees. The introductory clauses of the bonds state that the protection afforded under the bonds extended to the interests of the obligees. No evidence was introduced by either party to show an intent to include any subcontractor as a payee. It is clear under these facts that the bond contracts limit protection to the indemnification and protection of the interests of Urban and Fulton National Bank.

It is recognized that actions on so-called "completion" or "performance" bonds have been held to extend to subcontractors where the contract specifically provided that it would pay persons furnishing labor and material under the contract or words of similar import. See *Glens Falls Indem. Co. v. Southeastern Const. Co.,* supra, p. 491. Thus, the distinction with which we are here confronted is a surety bond that provides for the indemnification and protection (i.e., reimbursement) of the obligee against claims for labor and materials by subcontractors as opposed to a surety bond that not only protects the obligee

from such claims but directly or indirectly provides that these claims will be paid directly by the surety. The bonds in this case provide for protection of Urban and Fulton National Bank only and do not even indirectly indicate the intention of the contracting parties to pay those claims directly. The bond requires in substance that the obligees will be made whole if they suffer loss because of default by the principal in the execution of the construction contract. Code Ann. § 103-103 provides that "[t]he contract of suretyship is one of strict law, and the surety's liability will not be extended by implication or interpretation." We conclude that the trial court did not err in granting St. Paul's motion to dismiss McLendon's claim as against the contract of surety.

6. In its second enumeration of error, McLendon complains the trial court erred in granting judgment in favor of Urban and refusing to grant McLendon a lien on the real estate owned by Urban. Urban offers as its sole argument in support of the trial court's judgment in its favor that McLendon did not prove Urban was the owner of the realty so that a lien could attach against its property. McLendon counters that Urban admitted in its defensive pleadings that it was the owner of the real estate involved and that proof was not necessary to establish that which had been admitted in judicio.

The facts show that in its complaint, McLendon alleged the contracts involved the construction of the Medical-Surgical Hospital and the Doctors' Building, both at 2540 Windy Hill Road in Cobb County. The complaint alleged Urban entered into contracts with McDonough to construct those buildings and that McDonough entered into contracts with McLendon to perform the electrical work on those same buildings. In its defensive pleadings, Urban admitted it contracted with McDonough for improvements by McDonough upon real estate owned by Urban. It alleged that McLendon failed to provide the services to improve its property as required by the contract between McDonough and McLendon. Based upon this alleged lack of consideration, Urban denied that McLendon was entitled to a lien upon the property owned by Urban. It identified the property as the hospital and office building. In its cross complaint, Urban further

relied upon its interest in the office building and hospital.

A party to a suit will not be allowed to disprove an admission made in his pleadings without withdrawing it from the record. *Fla. Yellow Pine Co. v. Flint River Naval Stores,* supra; *Venable v. Block,* supra. Urban did not withdraw its pleadings with those admissions in this case. Without offering the same in evidence, either party may avail himself of allegations or admissions made in the pleading of the other. Code Ann. § 38-402. Where matter is contained in a pleading, from which inferences may be drawn beneficial to the opposite party, it may be considered as evidence in the record in his favor. *Johnson v. Daniel,* 135 Ga. App. 926, 928 (2) (219 SE2d 579); *Taylor v. Crawford,* 119 Ga. App. 262, 264 (3) (167 SE2d 404); *Wheeler v. Salinger,* 33 Ga. App. 300 (7) (125 SE 888). It follows that the trial court erred in its conclusions that there was no evidence of Urban's ownership of the hospital office building and real estate located at 2540 Windy Hill Road in Cobb County.

7. Based upon the foregoing, the judgment in case no. 54833 is affirmed. Insofar as the judgment in case no. 54832 dismissed the cause of action as against St. Paul, that portion of the judgment in no. 54832 is affirmed. Insofar as the trial court granted judgment in favor of Urban and denied McLendon a special lien against Urban's property, that portion of no. 54832 is reversed.

*Judgment affirmed in 54833. Judgment affirmed in part and reversed in part in 54832. Deen, P. J., and Webb, J., concur.*

ARGUED NOVEMBER 2, 1977 — DECIDED FEBRUARY 8, 1978 — REHEARING DENIED MARCH 7, 1978 — CERT. APPLIED FOR.

*Stokes & Shapiro, J. Ben Shapiro, Jr., David R. Hendrick,* for appellant.

*Jones, Bird & Howell, Arthur Howell, III, Slutzky, Wolfe & Bailey, Stanley K. Slutzky, Danny C. Bailey,* for appellees.