57804, 57878. CORBIN v. FIRST NATIONAL BANK OF ATLANTA et al. (two cases).
57950. FIRST NATIONAL BANK OF ATLANTA et al. v. CORBIN.

BANKE, Judge.

Plaintiff, Geraldine Corbin, filed suit against the First National Bank of Atlanta and David Brigman, alleging malicious prosecution, malicious arrest, false imprisonment and slander. Subsequently, First National Holding Corporation was joined as a party defendant. All defendants moved for summary judgment as to all counts. Summary judgment for the corporate defendants was sustained as to all counts. Defendant Brigman's motions for summary judgment were also granted, except as to the counts involving malicious prosecution and slander, on which plaintiff was given the opportunity to plead and prove bad faith. Case No. 57804 is the plaintiff's appeal from these grants of summary judgment.

Subsequently, the trial court granted summary judgment in favor of Brigman on the malicious prosecution and slander counts. Case No. 57878 is the appeal from that judgment.

Defendants moved the trial court to dismiss

plaintiff's appeal in Case No. 57878 due to unreasonable and inexcusable delay in paying the costs of the appeal. See Code Ann. §§ 6-808 (a) and 24-2729. Case No. 57950 is the appeal from the trial court's denial of that motion. *Held:*

1. With regard to Case No. 57950, we hold the trial judge did not abuse his discretion in denying the motion to dismiss the second appeal, i.e. Case No. 57878. The record shows that plaintiff received the bill for costs in Case No. 57878 on January 24, 1979, in the amount of $7.50. Subsequently, on February 21, she paid $319.25, the cost of preparing the record in Case No. 57804. The $7.50 bill in Case No. 57878 was not paid until March 9, after a hearing on appellant's motion to dismiss the appeal.

Code Ann. § 6-809 (b) gives discretion to the trial court to dismiss an appeal if the delay in transmitting the record is both unreasonable and inexcusable. The exercise of this discretion is reviewable by the appellate courts. *Gilman Paper Co. v. James,* 235 Ga. 348 (219 SE2d 447) (1975). "It is the policy of both appellate courts in Georgia to attempt to avoid dismissing appeals and to try to reach the merits of every case when it can be done consistent with the mandate of the law." *Holcomb v. Gray,* 234 Ga. 7 (214 SE2d 512) (1975). From the record before us, we cannot say as a matter of law that the delay was both unreasonable and inexcusable. Thus, the trial court did not abuse its discretion in denying the motion to dismiss the appeal. See *Gilland v. Leathers,* 141 Ga. App. 680 (234 SE2d 338) (1977).

2. Considering the facts presented in Cases Nos. 57804 and 57878 in a light most favorable to defendants, as we must in reviewing a grant of summary judgment, we conclude that all of the grants of summary judgment were proper.

Acting upon a complaint of a lost or stolen credit card issued to a Ms. Sheryl K. Berry, defendant Brigman, an investigator employed by the First National Holding Corporation, determined that the credit card had been used for certain purchases after its loss. Three witnesses identified the plaintiff as the user of the credit card, and Brigman turned this information over to the Atlanta Police Department. The plaintiff was thereafter arrested.

Subsequently, Mr. Brigman was involved in the investigation of a bank robbery which had reportedly been committed by a woman with a soft, low voice. He provided law enforcement officials with Ms. Corbin's name and picture and with the information that he had spoken with her and that her voice was low and soft. Plaintiff was subsequently identified by five witnesses as the bank robber and was indicted both for forgery and for bank robbery. The bank robbery trial resulted in an acquittal. The forgery charges were never prosecuted.

"Want of probable cause is the gravamen of an action for malicious prosecution..." *Darnell v. Shirley,* 31 Ga. App. 764, 765 (122 SE 252) (1924). Evidence submitted by defendants demonstrated conclusively not only good faith and probable cause, but the absence of malice in the investigation, arrest, and subsequent indictment of plaintiff. The plaintiff presented nothing to controvert this evidence.

"To accuse another of a crime punishable by law is slander, and damages are inferred from the act. Code Ann. § 105-702. However, statements made in good faith pursuant to investigation by police of a crime are made in the performance of a public duty and are privileged. Code Ann. § 105-709 (1)." *Zakas v. Mills,* 148 Ga. App. 220 (1) (251 SE2d 135) (1978).

Since the record before us is completely lacking in evidence of bad faith or maliciousness on the part of the defendants, the grants of summary judgment in their favor are affirmed.

*Judgments affirmed. McMurray, P. J., and Underwood, J., concur.*

ARGUED MAY 2, 1979 — DECIDED JULY 13, 1979 — REHEARING DENIED JULY 27, 1979.

*S. Ralph Martin, Jr.,* for Corbin.
*Shoob, McLain & Merritt, M. David Merritt, Robert B. Hill,* for First National Bank of Atlanta, et al.