## A89A0202. BALLEW et al. v. KIKER.
(384 SE2d 211)

BIRDSONG, Judge.

This appeal arises from a dispute over the property line between land owned by the parties. In essence, Ballew contends that the north-south line between his property and Kiker's property started from a large rock, which according to Ballew and his witnesses, was the historical corner marker for the property line. Kiker, however, contends that the corner marker described in his deed, and identified by Ballew at an earlier time when there was no dispute, was an official U. S. Forestry Service corner marker. Each party had surveyors mark out the property line and each surveyor arrived at a different property line depending upon the starting point. When the parties could not agree to the property line, Kiker brought the action below seeking to resolve the dispute and recover damages for what he contended was Ballew's trespass on his property.

At trial both sides presented surveyors and other witnesses in support of their contentions. Ballew also sought to introduce into evidence deeds and surveys of other properties in the area, but not involving the disputed property line. The trial judge on objection by Kiker excluded the surveys, deeds and testimony concerning them as he found that they were not relevant to the issues in the case. Further, the trial court found that the offered documents and testimony were not reliable as evidence of property lines because the surveys were not based upon property lines run from proper corner posts.

After instruction by the trial court, the jury found that the property line proposed by Kiker was the proper property line, that Ballew had trespassed, but Kiker was entitled to no damages therefor, and that Ballew had acquired through adverse possession certain parts of the disputed land. Ballew now appeals contending that the verdict and judgment based thereon was contrary to the law and evidence, that the trial court erred by excluding the matters offered in regard to the other deeds and surveys. *Held*:

1. We have examined the record on appeal and find contrary to the assertion in the first enumeration of error that there is sufficient evidence supporting the verdict and judgment. *Brown v. Nutter*, 125 Ga. App. 449 (188 SE2d 133). Accordingly, the first enumeration of error is without merit.

2. Enumerations of error 2-8 all concern evidence the trial court excluded on relevancy grounds. Appellant's brief does not argue how the potential evidence was relevant nor cite authorities supporting that argument. Instead, the brief asserts grounds for admissibility of the evidence generally. For example, regarding enumerations of error 5, 6, 7, and 8, the brief argues that an expert witness must be allowed to testify and introduce documents concerning the facts and findings

used in reaching his expert opinion. Regardless of the validity of that contention in general and whether the matters at issue fell within that category, the potential evidence was excluded because the trial judge found that the particular materials in question were not relevant to the issues in the case. Moreover, the trial judge specifically found that the matters which the appellant wanted to bring before the jury, in addition to not being relevant, were not reliable for the purpose the materials were to be offered. For example, some of the documents were only prepared at the direction of the property owners, and property lines were not established from proper corner markers. In another instance, appellant wanted to show the location of a fence, but the testimony showed that no one had ever contended that the fence marked the property line in dispute.

It is well settled that admissible evidence must relate to questions in the case and that irrelevant matters should be excluded. *MacNerland v. Johnson*, 137 Ga. App. 541, 542 (224 SE2d 431). Further, such issues are for the court (*Kilpatrick v. Foster*, 185 Ga. App. 453, 457 (364 SE2d 588)), and unless the trial court has abused his discretion, this court will not interfere. *Palmer v. State*, 186 Ga. App. 892, 898-899 (369 SE2d 38). Considering the documents and testimony at issue in the appellant's enumeration of error, it is obvious that the trial court did not abuse its discretion in excluding these matters. Enumerations of error 2-8 are therefore also without merit.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED JUNE 22, 1989 —
REHEARING DENIED JULY 10, 1989.

*Roger E. Bradley*, for appellants.
*Robert K. Ballew*, for appellee.