A98A2160, A98A2161. CARTER v. MOODY; and vice versa.
(511 SE2d 520)

BLACKBURN, Judge.

In this contract action, the estate of Larry V. Carter appeals the trial court's denial of its motion for summary judgment, contending that it should be allowed to argue at trial that an agreement for the sale of unregistered securities entered into between Carter and L. Bryson Moody is unlawful and unenforceable. Moody cross-appeals, contending that the trial court erred by failing to fully grant his motion for summary judgment based on its determination that a

question of fact remained as to whether Moody fraudulently induced Carter to enter into the agreement.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant [or denial] of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant." *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

On May 4, 1990, Larry V. Carter entered into a stock transfer agreement with L. Bryson Moody. Pursuant to this contract, Moody agreed to transfer 576 shares of the common stock of Ron Rowland Chevrolet-Oldsmobile Buick, Inc. to Carter, and Carter agreed to assume a number of Moody's debts as consideration. Carter also agreed to indemnify Moody from any liability stemming from enforcement of the assumed debts.

Moody alleges that Carter, prior to his death, failed to appropriately satisfy the debts that he had assumed, causing Moody to suffer losses in the amount of $63,485.74. To recoup his losses, Moody sued Carter's estate for reimbursement. Carter's estate denied liability and counterclaimed, contending, among other things: (1) that Moody, who was Carter's personal certified public accountant, had breached this confidential relationship and fraudulently induced Carter into the stock agreement without fully disclosing the extent of the company's financial difficulties and (2) that the agreement was an unlawful contract for the sale of unregistered securities in contravention of OCGA § 10-5-5.

On September 5, 1996, Moody filed a motion for summary judgment on his claims, and Carter's estate filed a motion for summary judgment on October 11, 1996. On May 11, 1998, the trial court granted partial summary judgment to Moody, finding: (1) that Carter's claim regarding the unlawful nature of the agreement was barred by the statute of limitation set forth in OCGA § 10-5-14 (d); (2) that Carter was precluded from raising the issue of the illegality of the contract as a defense during trial; and (3) that, with regard to the Carter estate's fraud claim, an issue of fact remained as to whether there was a confidential relationship between Moody and Carter at the time the contract was executed. Carter's estate's motion for summary judgment was denied. Both parties now appeal these rulings.

The record in both parties' cases is incomplete. Carter's estate, in its notice of appeal, instructed the clerk: "Transcript of evidence and proceedings will not be filed for inclusion in the record on appeal." Included within this omitted evidence were the depositions of Gaye Carter, Larry V. Carter's surviving spouse, and Larry T. Carter,

Larry V. Carter's surviving son and executor.

In his cross-appeal, Moody failed to have this material included in the record as well, although he referenced the omitted depositions in both his motion for summary judgment and his appellate brief as support for his claims.

"When an appellant omits evidence necessary for determination of issues on appeal affirmation is required. *Bennett v. Executive Benefits*, 210 Ga. App. 429 (436 SE2d 544) (1993). 'It is well established that the burden is on the party alleging error to show it by the record and that where the proof necessary for determination of the issues on appeal is omitted from the record, an appellate court must assume that the judgment below was correct and affirm.' Id. On appeal [of summary judgment] this Court is required to conduct a de novo review which, by definition, is impossible if the appellant omits the very evidence at the heart of our inquiry." *Griffin v. Travelers Ins. Co.*, 230 Ga. App. 665, 666 (497 SE2d 257) (1998).[1]

### Case No. A98A2161

With regard to Moody's cross-appeal, to properly determine whether Moody fraudulently induced Carter to enter into the agreement, it is necessary to review the omitted depositions, as indicated by Moody's own motion for summary judgment. Therefore, as the record before us is incomplete with regard to Moody's appeal, we must affirm the decision of the trial court that a question of fact remains regarding the confidential nature of Moody's relationship to Carter and the existence of fraud.

### Case No. A98A2160

In its appeal, the Carter estate enumerates as error an issue presenting a question of law which can be decided without reference to the omitted depositions. Carter contends that the trial court erred by ordering that: "[Carter] shall not raise the issue of illegality of the contract as a defense to the enforcement of the contract upon the trial of the case." We agree.

OCGA §§ 10-5-5 and 10-5-12 generally provide that it is unlawful for any person to offer to sell or to sell certain securities required

---

[1] "[Court of Appeals Rule 27 (b)] requires an appellee to 'point out any material inaccuracy or incompleteness of statement in the appellant's brief and any additional statement deemed necessary, plus such additional parts of the record or transcript deemed material. . . . Except as uncontroverted, appellant's statement of facts may be accepted by this Court as true.' While this rule requires appellee to point out discrepencies in the record, it does not shift the burden to it to produce the portions thereof required for appellate review which were inappropriately omitted by an appellant." Id. at 667.

to be registered under Georgia's law of corporations.

In turn, OCGA § 10-5-14 (a) provides: "Any person who violates subsection (a) of Code Section 10-5-12 shall be liable to the person buying such security." However, OCGA § 10-5-14 (d) provides a statute of limitation on such liability: "With respect to the purchase, sale, or offer to purchase or sell a security, no person may sue under this Code section more than two years from the date of the contract for sale or sale, if there is no contract for sale."

Both parties concur that Moody sold unregistered securities to Carter, and Carter's estate does not appeal the trial court's finding that OCGA § 10-5-14 (d) would prevent it from seeking reimbursement for payments made to buy the unregistered securities.

While it is true that OCGA § 10-5-14 (d) prevents Carter from pursuing civil damages arising from the sale of unregistered securities, this statute of limitation does not otherwise prevent Carter from arguing that the contract remains unlawful and unenforceable. The passage of two years does not erase the unlawful nature of the underlying contract so that it becomes fully enforceable by the *seller*; it merely limits the remedies available to the *purchaser* of unregistered securities. As such, the trial court erred when it found that, due to the running of the statute of limitation, Carter's estate was foreclosed from trying to prove the unlawful nature of the contract.

*Judgment affirmed in Case No. A98A2161. Judgment reversed in Case No. A98A2160. McMurray, P. J., and Eldridge, J., concur.*

DECIDED FEBRUARY 5, 1999.

*Gibson & Spivey, Douglas L. Gibson*, for appellant.
*William J. Edgar*, for appellee.