## A05A1256. LOTT et al. v. HATCHER.
### (620 SE2d 651)

ANDREWS, Presiding Judge.

Linda and Amber Lott (collectively "Lott") appeal from the trial court's denial of their motion for new trial. The sole issue on appeal is whether the trial court erred in refusing to allow Lott to cross-examine defendant Hatcher on certain allegations made in his answer and pre-trial order. We conclude there was no error and affirm.

This case arose as the result of an automobile accident in which cars driven by Linda Lott and Hatcher collided at an intersection. Lott sued Hatcher, claiming she had a green light and Hatcher failed to stop at a red light. The jury found in favor of Hatcher and the court denied Lott's motion for new trial. This appeal followed.

Lott argues on appeal that the following language in Hatcher's answer and pre-trial order is inconsistent with his testimony at trial:

> The negligence of Plaintiff [Linda Lott], at all times material and pertinent hereto, was equal to or exceeded that alleged against Defendant, any negligence of Defendant being specifically denied. . . . Plaintiff [Linda Lott], through the exercise of ordinary care, could have avoided the consequences of Defendant's negligence, any negligence being specifically denied. . . . Plaintiffs had full knowledge of the circumstances of which they complain and voluntarily and knowingly assumed the risk of any alleged damages; therefore, Plaintiffs are not entitled to recover from Defendant. . . . The operator of the vehicle in which Plaintiff Amber Lott was a passenger at the time of the incident at issue in this litigation had the last clear chance to avoid the occurrence and failed to exercise ordinary care. . . . Plaintiff Linda Lott had the last clear chance to avoid the occurrence at issue in this litigation and failed to exercise ordinary care for her own safety.

Lott claims that all of the above defenses are inconsistent with Hatcher's single contention at trial that he was certain he had a green light when he entered the intersection. She contends that because of this inconsistency, it was error for the trial court not to allow her to cross-examine Hatcher on the above pleadings.

First, we note that control of the nature and scope of cross-examination of a witness is a matter within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion. *Weaver v. Ross*, 192 Ga. App. 568, 569 (386 SE2d 43) (1989). And, although a party has the right to a thorough and sifting cross-examination of the witnesses called against him, the trial court

has discretion to limit the scope of cross-examination. *Duckworth v. State*, 268 Ga. 566, 567 (492 SE2d 201) (1997).

> In impeaching a witness with a prior inconsistent statement, the cross-examiner must meet three requirements. First, the prior statement must contradict or be inconsistent with the witness's in-court testimony; second, the prior statement must be relevant to the case; and, third, the examining attorney must lay the proper foundation with the witness.

Id.

"Where the pleading is inconsistent, the admission, not the denial, prevails." (Punctuation omitted.) *Johnson v. Daniel*, 135 Ga. App. 926, 928 (2) (219 SE2d 579) (1975). But, pleadings must be construed "in the light most favorable to the pleader with all doubts resolved in [his] favor even though unfavorable constructions are possible." *Grier v. Skinner's Furniture Store of Newnan*, 180 Ga. App. 607, 608 (349 SE2d 826) (1986), citing *DeKalb County v. Ga. Paperstock Co.*, 226 Ga. 369, 370 (174 SE2d 884) (1970).

Lott relies on *Johnson*, supra, but that case is not on point. In *Johnson*, defendant's answer denied the allegation that she was the driver of the car that struck the child. Id. at 927. But, defendant also added several other defenses stating that, as the driver of the car, she was confronted with a sudden emergency, that the incident was an accident, and that the plaintiff was negligent. Id. at 927-928. This Court held that, in light of these defenses, the trial court erred in directing a verdict for defendant based upon her contention that there was no evidence that she was the driver of the vehicle. Id.

In this case, Hatcher's testimony at trial was not in conflict with the allegations in his answer or pre-trial order. Hatcher consistently averred that the light facing him was green. The above excerpts from Hatcher's answer and pre-trial order are merely opinions of the party as to the legal effect of the actions of the parties and therefore the rules pertaining to admissions in pleadings or other admissions in judicio do not apply. *Wahnschaff v. Erdman*, 232 Ga. App. 77, 79 (502 SE2d 246) (1998). In other words, "an admission in judicio applies only to the admission of fact and does not apply where the admission is merely the opinion or conclusion of the pleader as to law or fact." (Punctuation omitted.) *Howell Mill/Collier Assoc. v. Pennypacker's*, 194 Ga. App. 169, 172 (390 SE2d 257) (1990). "Thus, allegations which are conclusory, or which assert mere opinions of the pleader are not admissions in judicio." Id.

In light of this and also because Lott has not met the requirement that the prior statement must contradict or be inconsistent with the witness's in-court testimony, we conclude the trial court did not abuse its discretion in limiting Lott's cross-examination of Hatcher on certain excerpts from the pleadings. *Duckworth*, supra. See also Paul S. Milich, Ga. Rules of Evidence, § 14.3, p. 254 (2002).

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED SEPTEMBER 8, 2005.

*Killian & Boyd, Robert P. Killian*, for appellants.
*Tracie G. Smith*, for appellee.