A05A1967. LOVELL v. REA.
(629 SE2d 459)

SMITH, Presiding Judge.

This appeal arises out of a dispute concerning access to a road that borders the property of adjoining landowners Janice Lovell and Judy Rea. Lovell erected a locked gate across the road and Rea filed a complaint seeking to enjoin Lovell from blocking her access. On motion for summary judgment, the trial court ruled that Lovell owns the underlying fee in the southern half of the road and that Lovell and Rea each own a one-half undivided interest in the northern half. A

---

[22] See *Simmons*, supra.

jury then determined that the road was not properly closed or abandoned by Habersham County and was therefore public. Following the jury's verdict, the trial court permanently enjoined Lovell from blocking the road. For the reasons that follow, we affirm.[1]

The disputed road runs west to east from Highway 356 to Goshen Creek Road. Lovell owns the land south of the road and both Lovell and Rea own land north of the road. Rea filed suit to enjoin Lovell from obstructing the entire road with a gate where Lovell's property abuts both sides of the road. In her complaint, Rea claimed that she had an express easement over and through the road. The trial court granted summary judgment in favor of Lovell on this claim. Rea then amended her complaint to claim access to the road by prescription or on the ground that the road was public. Lovell filed an answer and a counterclaim to "Quia Timet Against All the World," that included an alternative claim of adverse possession to the entire road. On Lovell's motion for summary judgment on the counterclaim, the court ruled that Lovell owns the underlying fee to the southern portion of the road (measured from the centerline) and that Lovell and Rea each own a one-half undivided interest in the northern portion of the road.[2] All remaining claims were tried by a jury.

During trial, Lovell moved for a directed verdict and for judgment notwithstanding the verdict on Rea's public road claim. Lovell also moved for a directed verdict on Rea's prescriptive easement claim. The jury determined that the county failed to properly close or abandon the road "such as the road is no longer a public road," and therefore made no determination on Rea's prescriptive easement claim. The jury also found in favor of Rea on Lovell's adverse possession claim. Following the jury's verdict, the trial court entered judgment permanently enjoining Lovell from blocking the road.

Lovell appeals from the trial court's denial of her various motions for summary judgment and the denial of her motions for directed verdict and judgment notwithstanding the verdict. She also contends that the trial court erred both in issuing a permanent injunction prohibiting her from closing her road gates and in holding her in contempt of an earlier temporary injunction.

1. In five enumerations, Lovell contends that the trial court erred in denying her various motions for summary judgment. We will not consider these enumerations. "After verdict and judgment, it is too

---

[1] The Georgia Supreme Court transferred the appeal to this court on grounds that any equitable relief is merely ancillary to the resolution of legal questions and that it does not have jurisdiction over the existence and scope of easements.

[2] The parties stipulated at trial that the road was indeed a county road before 1982. We therefore assume that any ownership interest in the road attaches only in the event the road is not a county road.

late to review a judgment denying a summary judgment, for that judgment becomes moot when the court reviews the evidence upon the trial of the case." (Citations and punctuation omitted.) *Kicklighter v. Woodward*, 267 Ga. 157, 162 (5) (476 SE2d 248) (1996); see *Drillers Svc. v. Moody*, 242 Ga. 123, 124 (1) (249 SE2d 607) (1978). We will therefore review only those enumerations relating to the denial of motions for summary judgment in which the issues raised in those motions were not considered at trial.

2. Prior to trial, the court ruled on summary judgment that Lovell and Rea each own a one-half undivided interest in the northern half of the road. Lovell enumerates this finding as error.

Rea received two parcels of land by deed that abutted a small portion of the north side of the road. Lovell contends that the grantor of this property, Ann Vandiver, could not convey any interest to Rea because Vandiver had "divested herself of any interest in the road by conveying the adjoining properties to [Lovell]'s predecessors in interest without expressly reserving any interest."

"When a grantor conveys property as bounded by a road that the grantor also owns, Georgia courts apply a rule of construction to hold that the deed conveys the fee interest that the grantor held in the road unless there is a clear expression of contrary intent. This rule of construction has been long applied in this state." (Citations and footnotes omitted.) *1845 La Dawn Lane, LLC v. Bowman*, 277 Ga. 741, 742 (1) (594 SE2d 373) (2004). The tract of land bounded by a road will pass the fee to the centerline of the road. Id. at n. 2.

The disputed portion of the road, the northern half, abuts a tract of land divided into three parcels that total approximately 15.36 acres. When the original grantor, Lillie Lovell, conveyed property including this tract to Earl Lovell and Elizabeth Ann Lovell (Ann Vandiver), the deed described the property as bounded by the road. Therefore, Earl Lovell and Ann Vandiver owned the northern half of the road. All subsequent conveyances in Janice Lovell's chain of title, including the conveyance of 3.35 acres of the 15.36-acre parcel to Lovell, specifically exclude the road from the property description, although some of the deeds attempt to allow an easement over and through the road. As those deeds show a clear intent to expressly exclude the road from the property boundary, Ann Vandiver retained her interest in the northern half of the road, which she then conveyed with the two remaining parcels to Rea. Thus, there remains no disputed issue of material fact in this regard and the court was correct in concluding that Lovell and Rea each own a one-half undivided interest in the northern half of the road.[3]

---

[3] Lovell's interest in the northern half of the road arises out her title to a 22-acre parcel of

3. The trial court also properly denied Lovell's motion for summary judgment on Lovell's claim that there was a lack of subject matter jurisdiction. Lovell argues that jurisdiction was lacking because Rea did not appeal within 30 days the county commission's decision to close the road as required by OCGA § 50-13-19. But the court's jurisdiction was based upon Rea's suit to enjoin Lovell from blocking the road, not the commission's decision. And Rea did not "seek to change the . . . decision in any way, but simply [sought] a declaration as to the legal effect of the [commission]'s action." *Head v. DeKalb County*, 246 Ga. App. 756, 759 (1) (542 SE2d 176) (2000).

4. In four enumerations, Lovell contends that the trial court erred in denying her motions for directed verdict and for judgment notwithstanding the verdict. On appeal

> we review and resolve the evidence and any doubts or ambiguities in favor of the verdict; directed verdicts and judgments notwithstanding the verdict are not proper unless there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, demands a certain verdict.

(Citation, punctuation and footnote omitted.) *DeKalb Collision Center v. Foster*, 254 Ga. App. 477, 477-478 (1) (562 SE2d 740) (2002).

(a) Lovell moved for a directed verdict on Rea's public road claim on the ground that it was estopped by deed recital. Lovell argues that because the deeds under which Rea claimed an interest in the road stated that the road was "formerly [a] County Road," Rea is estopped from now contending that the road is public.[4] It is true that

> [a]ll parties to a deed are bound by the recitals in it legitimately appertaining to the subject-matter. Recitals of matter of fact in a deed are ordinarily binding on the grantor. They are binding also on the grantee and his successors in estate. . . . A recital works an estoppel only in an action founded on a deed or brought to enforce rights arising under it. While in a collateral action it may constitute evidence against the one party or the other, it is not conclusive.

(Citations and punctuation omitted.) *W. E. Coldwell Co. v. Cowart*, 138 Ga. 233, 237 (75 SE 425) (1912). Here, the recital concerned the transfer of interest in the road. The description of the road as

---

land adjacent to the 15.36-acre parcel.

[4] The trial court ruled that the only valid deed presented by Rea is the deed listing Ann Vandiver as the grantor.

"formerly [a] County Road" was merely ancillary to the recital. See *White v. Cook*, 73 Ga. 164, 173-174 (1885) (description of person in recital as administrator not a vital part of terms of conveyance). The "matter of fact" is the conveyance of a portion of the road, *not* that the road was formerly a county road, an assertion that neither the grantor nor the grantee could establish. The trial court did not err in denying Lovell's motion for directed verdict on this ground.

(b) In two other enumerations, Lovell contends that the court erred in denying her motions for directed verdict and judgment notwithstanding the verdict on Rea's public road claim. In her amended complaint, Rea asserted that the road was public. Following Lovell's fourth amended answer and counterclaim to quiet title, the county waived service of process stating that it had "abandoned the road at issue in the case and does not currently own, maintain, or seek any interest therein." The parties stipulated at trial that the road was indeed public before 1982, and Lovell claimed that during that year the county closed the road to the public.[5] The jury found that the road remained public after 1982 because the county failed to properly close, abandon or forfeit the road.

Under OCGA § 32-7-2 (b) (1),[6]

[w]hen it is determined that a section of the county road system has for any reason ceased to be used by the public to the extent that no substantial public purpose is served by it, the county, by certification recorded in its minutes, accompanied by a plat or sketch, and, after notice to property owners located thereon, after notice of such determination is published in the newspaper in which the sheriff's advertisements for the county are published once a week for a period of two weeks, and after a public hearing on such issue, may declare that section of the county road system abandoned. Thereafter, that section of road shall no longer be part of the county road system and the rights of the public in and to the section of road as a public road shall cease.

A former county commissioner testified that the commission agreed to close the road during a meeting in 1982 but that adjoining landowners were not given notice of the county's intentions. He also

---

[5] The record reveals that in 1982 Rea signed an agreement with other adjoining landowners to pursue closing the road.

[6] We do not address whether the county abandoned an easement in the road in accordance with OCGA § 44-9-6 since it is clear that the county attempted to close or abandon the road pursuant to OCGA § 32-7-2.

testified that nothing further was done. A second former commissioner testified that the county's decision to close the road was published in the newspaper and that an attorney representing all of the adjoining landowners presented the proposal to close the road. Neither commissioner could recall whether a plat was attached to the minutes of the meeting, and the record does not show that a plat was attached. Since Rea presented evidence that the county did not follow all of the statutory steps needed to properly close the road, we cannot say that the evidence demanded a verdict in favor of Lovell. The trial court therefore properly denied Lovell's motions for directed verdict and for judgment notwithstanding the verdict on Rea's public road claim.

(c) Lovell contends that the trial court erred in denying her motion for directed verdict on Rea's prescriptive easement claim. This issue is moot, however, since the jury found that the road is public.[7]

5. Lovell contends that the trial court erred in entering a permanent injunction prohibiting her from closing her road gates. She argues that the injunction was too broad because it forced her to open the road to the public instead of simply requiring her to limit access to Rea only. As the jury essentially found that the road is public, we see no error in enjoining Lovell from obstructing the public's passage through the road.

Lovell also argues that "[w]hen actions are taken by the governing authority to close the road, but the process undertaken is deficient, the remedy is not to re-open the road, but rather to require the completion of the correct process." (Emphasis omitted.) A trial court has authority to put a verdict "in such shape as to speak the true intent of the jury in accordance with the pleadings and the evidence." (Citation omitted.) *Purcell v. C. Goldstein & Sons*, 264 Ga. 443, 444 (2) (448 SE2d 174) (1994). Rea instituted this action seeking to enjoin Lovell from obstructing the road, and the jury found that the county did not "properly close, abandon or forfeit the road such as the road is no longer a public road." Clearly, the jury's intent in finding that the road is public was to allow the general public and Rea to have access to the road. Therefore, the trial court had authority to fashion the verdict to speak the true intent of the jury and properly ordered that Lovell be permanently enjoined from obstructing the road. See, e.g., *Jordan v. Way*, 235 Ga. 496, 497 (220 SE2d 258) (1975) (where jury

---

[7] We note that in accordance with the verdict form, the jury made no finding on Rea's prescriptive easement claim because it found that the county did not properly close or abandon the road. Lovell made no objection to this verdict form.

found that road was public the appellate court affirmed the issuance of an injunction prohibiting defendant from interfering with plaintiff's use of road).

6. Lovell contends that the trial court erred in finding her in contempt of a temporary order. Prior to trial, the court issued a temporary injunction restraining and enjoining Lovell from "obstructing, blocking or maintaining any impediment to [Rea's] travel upon the roadway." The record reveals, and Lovell admits, that she did not remove or open the gate but instead provided Rea with a gate key. Even though Lovell provided Rea with a *means* of opening the gate, the locked gate remained an obstruction blocking Rea's travel on the road in violation of the temporary order. Under these circumstances we find no abuse of discretion. See *Opatut v. Guest Pond Club*, 254 Ga. 258, 259 (3) (327 SE2d 487) (1985) (trial court's finding of contempt will not be overturned absent abuse of discretion).

*Judgment affirmed. Ellington and Adams, JJ., concur.*

DECIDED MARCH 16, 2006 —
RECONSIDERATION DENIED APRIL 12, 2006 — ▮▮▮▮▮▮▮▮▮▮

*Robert B. Jackson IV, Lisa B. Perlstein*, for appellant.
*English, Tunkle & Smith, Richard D. Tunkle, Sanders & Smith, Russell W. Smith, McClure, Ramsay, Dickerson & Escoe, Larry L. Hicks II*, for appellee.