## A06A0426. H.D. McCONDICHIE PROPERTIES v. GEORGIA DEPARTMENT OF TRANSPORTATION.
### (633 SE2d 558)

MILLER, Judge.

The Georgia Department of Transportation ("DOT") initiated condemnation proceedings to acquire 0.613 acres of land owned by H.D. McCondichie Properties ("McCondichie") for a highway construction project. Following a jury trial on just and adequate compensation, McCondichie was awarded $60,000. McCondichie appeals, arguing that the trial court erred in (1) granting the DOT's motion in limine to exclude evidence as to whether it had hired an expert witness, (2) refusing to allow testimony regarding the source of funding for the proposed highway construction project, and (3) denying his motion for a directed verdict on the issue of the effect of environmental contamination on the value of the property. We discern no error and affirm.

The record reveals that in September 2004, the DOT initiated condemnation proceedings to acquire McCondichie's property. At trial, the DOT indicated that it would not call Allen Strickland, one of its proposed expert witnesses, to testify. McCondichie, however, subpoenaed Strickland to testify. Thereafter, the DOT moved in limine to prevent McCondichie from eliciting any testimony from Strickland indicating that he had previously been hired by the DOT as an expert, and the trial court granted the motion.

The DOT called a project engineer to testify about the physical features of the property being taken and the proposed highway construction project that was to take place there. On cross-examination, McCondichie attempted to initiate a line of questioning regarding the federal government's involvement in the highway construction project. The DOT objected and, outside of the jury's presence, argued that McCondichie should not be allowed to ask questions regarding the source of funding for the highway construction project. The trial court sustained the objection.

The DOT's expert appraiser testified that, based on comparable sales in the area, just and adequate compensation for the taking was $55,700. The expert's opinion was not based on any alleged environmental contamination of the property. At the close of the DOT's case, however, McCondichie moved for a partial directed verdict on "the issue of environmental contamination and damages." Although the trial court denied the motion, at the close of evidence, the court ruled that the jury should not consider any alleged contamination of the property in its calculation of fair market value, and further excluded from evidence any document containing references to possible contamination of the property.

The jury returned an award for $60,000. Following the denial of its motion for new trial, McCondichie appeals.

1. McCondichie argues that the trial court erred in granting the DOT's motion in limine to exclude testimony regarding the fact that it had originally hired Strickland as its expert appraiser. We disagree.

A motion in limine is properly granted when "there is no circumstance under which the evidence under scrutiny is likely to be admissible at trial." *Andrews v. Wilbanks*, 265 Ga. 555, 556 (458 SE2d 817) (1995). Evidence that does not bear directly or indirectly on the questions being tried should be excluded as irrelevant. See OCGA § 24-2-1; see also *Ballew v. Kiker*, 192 Ga. App. 178, 179 (2) (384 SE2d 211) (1989) (trial court properly excluded irrelevant evidence).

Here, just and adequate compensation for the property taken was the only relevant issue for the jury to determine. The issue of who hired a particular expert had nothing to do with the questions being tried, and the trial court properly excluded this evidence at trial. *Logan v. Chatham County*, 113 Ga. App. 491, 493 (2) (148 SE2d 471) (1966).[1]

2. McCondichie contends that the trial court erred in refusing to allow testimony regarding the source of funding for the highway construction project. We disagree.

Although a party has the right to a thorough and sifting cross-examination, the trial court has discretion to limit the scope of cross-examination. *Lott v. Hatcher*, 275 Ga. App. 424, 424-425 (620 SE2d 651) (2005). Control of the nature and scope of cross-examination is a matter within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion. Id. at 424.

Again, the relevant issue at trial was just and adequate compensation for the taking. The source of funding for a future highway development project had nothing to do with the value of the condemned property at the time of the taking. The trial court did not abuse its discretion in refusing to allow this line of questioning. See, e.g., *Johnson v. Riverdale Anesthesia Assoc.*, 275 Ga. 240, 243 (3) (563 SE2d 431) (2002) (trial court properly prohibited cross-examination on irrelevant matters).

3. McCondichie claims that the trial court erred in denying its motion for a directed verdict on the issue of any environmental contamination of the property. The record reveals, however, that the DOT's expert did not present environmental contamination as a

---

[1] We find no merit to McCondichie's argument that the DOT "opened the door" to such evidence, as the record reveals no sign of the DOT making any reference at trial to Strickland being its former expert.

factor that he considered in his calculation of just and adequate compensation. Even if he had, moreover, the trial judge excluded from the jury's consideration any evidence of alleged environmental contamination as to its calculation of just and adequate compensation. Pretermitting the question whether a motion for directed verdict was the appropriate vehicle to address environmental contamination, an issue that was not considered in the DOT's estimation of just and adequate compensation, we find no harm from the trial court's denial of McCondichie's motion. The trial court excluded any evidence of environmental contamination from the jury's consideration, which essentially accomplished the very goal that McCondichie sought to achieve through its motion. See *Sasser v. Adkinson*, 258 Ga. App. 699 (574 SE2d 907) (2002) ("Appellant is required to show harm as well as error to prevail on appeal.") (citation and punctuation omitted).

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED JUNE 12, 2006 —
RECONSIDERATION DENIED JUNE 29, 2006 — ▮▮▮▮▮▮

*Chamberlain, Hrdlicka, White, Williams & Martin, Richard N. Hubert, Jonathan E. Ganz*, for appellant.

*Thurbert E. Baker, Attorney General, Capers, Dunbar, Sanders & Bruckner, Paul H. Dunbar III*, for appellee.