A06A2242. GILLEY et al. v. HUDSON et al.
(642 SE2d 898)

MILLER, Judge.

In 2001, Patrick Joe Gilley, Jr. ("Patrick"), age 12, dislocated his left hip while playing middle school football in Cairo. Thereafter, Patrick's parents, Patrick Joe Gilley and Tillesia M. Gilley, brought suit on his behalf against Dr. Mark C. Hudson and his employer, the John D. Archbold Memorial Hospital, Inc., d/b/a Grady General Hospital (the "Hospital"), Southwest Georgia Medicine, Southwest Georgia Family Medicine, and Archbold Medical Center, Inc. (collectively "Archbold").

The trial court granted summary judgment to each of the defendants, and the Gilleys appeal, claiming that jury questions remain as to whether Dr. Hudson provided Patrick "emergency care at the scene

of an accident or emergency" within the meaning of the Good Samaritan statute, OCGA § 51-1-29, and as to Archbold's immunity from liability under the doctrine of vicarious liability. Finding that genuine issues of material fact exist, we reverse.

Upon motion for summary judgment, it is the movant's burden to show, in the light most favorable to the nonmovant, that no jury question is at issue and that he is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). The movant may discharge such burden by reference to affidavits, depositions, and other documentary evidence of record showing no evidence in support of the nonmovant's case. Id. After the movant discharges his burden, the nonmovant cannot rest on his pleadings, but instead must come forward with evidence giving rise to a triable issue. OCGA § 9-11-56 (e); *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). We review the trial court's decision on motion for summary judgment de novo. *Gilhuly v. Dockery*, 273 Ga. App. 418 (615 SE2d 237) (2005).

So viewed, the evidence shows that at the time Patrick was injured while playing middle school football on the junior varsity field at Cairo High School, Dr. Hudson had just finished his workout on the nearby high school track. On a bystander's request, Dr. Hudson examined Patrick, reached the preliminary conclusion that Patrick's left hip had been dislocated, called for an ambulance, and accompanied Patrick to the Hospital. Once there, Dr. Hudson ordered x-rays and confirmed that Patrick had suffered a dislocated left hip. Dr. Hudson elected to perform a "closed reduction" of the hip under conscious sedation to alleviate Patrick's suffering and to minimize future complications for failure to treat the dislocation at first opportunity. In doing so, however, Dr. Hudson separated the growing end of Patrick's thigh bone from the bone where it joined the ball of Patrick's hip joint. Patrick was then transferred to the care of Dr. Fred R. Nusbickel, an orthopedic surgeon in Thomasville, who repaired the separation by an open reduction procedure involving screw fixation.

1. The Gilleys correctly contend that jury questions remain as to whether Dr. Hudson provided Patrick "emergency care at the scene of an accident or emergency[,]" foreclosing the Good Samaritan defense under OCGA § 51-1-29.

Pursuant to OCGA § 51-1-29 as then applicable,

> [a]ny person . . . who in good faith renders emergency care at the scene of an accident or emergency to the victim or victims thereof without making any charge therefor shall not be liable for any civil damages as a result of any act or omission by such person in rendering emergency care or as a result of

any act or failure to act to provide or arrange for further medical treatment or care for the injured person.

OCGA § 51-1-29 does not define "emergency care"; however, the Supreme Court of Georgia "defined the term in a similar statutory context as 'the performance of necessary personal services during an unforeseen circumstance that calls for *immediate action.' Anderson v. Little & Davenport Funeral Home*, 242 Ga. 751, 753 (1) (251 SE2d 250) (1978)." (Emphasis supplied.) *Willingham v. Hudson*, 274 Ga. App. 200, 204 (1) (a) (617 SE2d 192) (2005).

The Gilleys argue that Dr. Hudson is not entitled to Good Samaritan immunity because he treated Patrick at the Hospital rather than at the scene of the accident or emergency. This Court has held, however, that "the scene of an emergency may extend to a hospital location." *Willingham*, supra, 274 Ga. App. at 203 (1) (a), citing *Clayton v. Kelly*, 183 Ga. App. 45, 47 (357 SE2d 865) (1987). Nevertheless, for the reasons that follow, we conclude that a genuine issue of material fact exists as to whether Dr. Hudson rendered emergency care to Patrick.

Here, the evidence is in conflict as to whether Dr. Hudson was faced with a requirement to provide Patrick immediate treatment. Dr. Hudson testified by his affidavit that his "timely" action was required to reduce "great pain" and to avoid the "risk of developing further complications." In opposition to summary judgment, Dr. John A. Ogden testified by affidavit that there had been sufficient time to consult an orthopedist and that "the circumstances under which [Patrick] was taken to [the Hospital] did not constitute a medical emergency which necessitated or justified the conduct undertaken by Dr. Hudson. . . ." A jury question thus remains as to whether Dr. Hudson provided Patrick emergency care upon circumstances requiring immediate action.

Accordingly, the trial court erred in granting summary judgment for Dr. Hudson based upon a Good Samaritan defense pursuant to OCGA § 51-1-29. *Willingham*, supra, 274 Ga. App. at 204 (1) (a).

2. Further, the Gilleys contend that summary judgment for Archbold was error, arguing that genuine issues of fact exist under the doctrine of vicarious liability as to Dr. Hudson's negligence. We agree.

"Generally, a hospital owes a duty of reasonable care to its patients and is liable for those injuries negligently inflicted upon its patients by its employees. [Cit.]" *Meinken v. Piedmont Hosp.*, 216 Ga. App. 252, 253 (454 SE2d 147) (1995). Having held that summary judgment for Dr. Hudson was error, we cannot, as a matter of law, foreclose vicarious liability in Archbold, his employer. Id.

Given the foregoing, jury questions remain as to whether Dr. Hudson's negligence constituted a breach of his duty of care and, by extension, a breach of such duty by Archbold. That questions of fact thus remain, the instant case is properly for the jury rather than judgment as a matter of law.

*Judgment reversed. Johnson, P. J., and Ellington, J., concur.*

### DECIDED MARCH 6, 2007.

*Scherffius, Ballard, Still & Ayres, William L. Ballard*, for appellants.

*Coleman, Talley, Newbern, Kurrie, Preston & Holland, Wade H. Coleman, Edward F. Preston, Alexander & Vann, George R. Lilly II*, for appellees.