## A07A0524. SMITH et al. v. SAULSBURY.
(649 SE2d 344)

RUFFIN, Judge.

Richard Saulsbury sued David Arnan Smith and T. J. Hunter ("Defendants"), asserting claims for breach of contract, fraud, and promissory estoppel. The Defendants moved for summary judgment, alleging that the contract was illegal and therefore unenforceable, and the trial court denied the motion. A jury returned a verdict in favor of Saulsbury on his claim for breach of contract. On appeal, the Defendants contend that the trial court erred in denying their motion for summary judgment and in excluding certain evidence. We affirm, for reasons that follow.

David Arnan Smith was the sole member of More2Save, LLC and T. J. Hunter was an employee of the company. More2Save marketed and sold "CloneMyDVD," an online software product used to copy DVDs. CloneMyDVD contains a program that decrypts the protection included on a commercial DVD, allowing users to make copies of the DVD. In March 2003, More2Save engaged Saulsbury to advertise CloneMyDVD via the Internet by sending mass electronic mail ("e-mail") messages. The sales were processed through PaySystems, a third-party merchant system. The parties' oral agreement provided that More2Save would pay Saulsbury approximately $25 for each completed sale.

In May 2003, the Defendants learned that the motion picture industry had initiated lawsuits against sellers of products similar to CloneMyDVD for copyright infringement, and that one lawsuit in particular had been successful. In an effort to avoid "further legal exposure," More2Save stopped producing CloneMyDVD in May 2003. PaySystems froze the More2Save account pending the processing of all remaining payments, voids, and returns. As a result, More2Save stopped payment to Saulsbury for his remaining earned commissions.

Saulsbury filed suit against the Defendants thereafter, asserting claims for breach of contract, fraud, and promissory estoppel.[1] The Defendants moved for summary judgment, primarily contending that the contract between the parties was illegal and therefore void. The trial court denied the motion. The jury found in favor of the Defendants as to Saulsbury's claims for fraud and promissory estoppel, and awarded Saulsbury $25,436 for his breach of contract claim.

---

[1] Although it was named as a defendant in the complaint, More2Save is not a party to this appeal.

1. On appeal, the Defendants argue that the trial court erred in denying their motion for summary judgment. Specifically, the Defendants argue that the contract between the parties was illegal and void, and that Saulsbury failed to prove damages.

(a) Generally, a ruling on a motion for summary judgment becomes moot following the verdict and judgment.[2] However, a party may appeal the denial of summary judgment as part of the direct appeal from the final judgment "if the legal issues raised and resolved in denying the motion for summary judgment were not considered at trial."[3] Thus, because the issue of the purported illegality of the parties' contract was not presented to the jury, we will review the trial court's denial of the motion for summary judgment on this ground.[4] We will not, however, consider the Defendants' argument on summary judgment that Saulsbury failed to prove his damages, since the jury considered damages in the subsequent trial.[5] The Defendants also contend that Saulsbury failed to prove his damages at trial. Because the Defendants failed to enumerate this argument, we do not consider it.[6]

(b) The Defendants maintain that the parties' contract was void and unenforceable because the sale of CloneMyDVD violated federal copyright law.[7] However, pretermitting whether it was a violation of federal law to sell CloneMyDVD, the Defendants have failed to establish that their agreement with Saulsbury was void. In Georgia, "[a] contract *to do* an . . . illegal thing is void."[8] But a contract does not fall within this principle unless its object or purpose is illegal.[9] The prohibition does not apply "where the object of the contract is not

---

[2] See *Kicklighter v. Woodward*, 267 Ga. 157, 162 (5) (476 SE2d 248) (1996).

[3] (Punctuation omitted.) *Coregis Ins. Co. v. Nelson*, 282 Ga. App. 488, 489 (1) (639 SE2d 365) (2006); see also OCGA § 5-6-34 (d); *Lovell v. Rea*, 278 Ga. App. 740, 742 (1) (629 SE2d 459) (2006).

[4] See id.

[5] See id.

[6] See OCGA § 5-6-40; *Dole v. State*, 256 Ga. App. 146, 148 (2) (567 SE2d 756) (2002) (appellate jurisdiction limited to consideration of legal grounds enumerated as error).

[7] Specifically, the Defendants argue that the sale of their product violated 17 USCA § 1201 (a) (2), which provides that

> [n]o person shall manufacture, import, offer to the public, provide, or otherwise traffic in any technology, product, service, device, component, or part thereof, that — (A) is primarily designed or produced for the purpose of circumventing a technological measure that effectively controls access to a work protected under this title; (B) has only limited commercially significant purpose or use other than to circumvent a technological measure that effectively controls access to a work protected under this title; or (C) is marketed by that person or another acting in concert with that person with that person's knowledge for use in circumventing a technological measure that effectively controls access to a work protected under this title.

[8] (Emphasis supplied.) OCGA § 13-8-1.

[9] See *Shannondoah, Inc. v. Smith*, 140 Ga. App. 200, 202 (230 SE2d 351) (1976).

illegal or against public policy, but where the illegality is only collateral or remotely connected to the contract."[10]

Here, the Defendants have not shown that the *purpose* of their agreement with Saulsbury was illegal. Pursuant to the parties' contract, Saulsbury sent e-mails to potential customers whose e-mail addresses he obtained by purchasing distribution lists. The e-mails contained a link to the More2Save website. There is nothing inherently illegal about the services provided by Saulsbury. Although the ultimate sale or use of CloneMyDVD — if used to copy commercial DVDs that contained encryption to preclude copying — might have violated federal copyright law, such alleged illegality "was not required by the [parties'] contract and was incidental to contract performance."[11] Thus, the trial court did not err in denying the Defendants' motion for summary judgment on this basis.[12]

(c) The Defendants also contend that they were entitled to summary judgment because Saulsbury "presented insufficient evidence to support his claim." We disagree.

In their brief in support of their motion, the Defendants argued that the contract was illegal, and that Saulsbury failed to produce evidence to support his claims for fraud and promissory estoppel. With regard to the breach of contract claim, the Defendants' primary argument was that the contract was void and unenforceable.[13] A trial court properly grants summary judgment when the moving party demonstrates there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.[14] The moving party may discharge his burden by demonstrating the absence of evidence to support the nonmoving party's case.[15] If the moving party discharges this burden, the nonmoving party is required to point to specific evidence giving rise to a triable issue.[16] Here, as set forth in Division 1 (b), the Defendants did not demonstrate that the contract between the parties was void. Therefore, because they did not meet their burden on summary judgment, Saulsbury was not required to point to evidence in the record to rebut this defense.[17]

[10] Id.

[11] Id. at 203.

[12] See *R.R.R. Ltd. Partnership v. Recreational Svcs.*, 264 Ga. 494, 496-497 (2) (448 SE2d 211) (1994); *Shannondoah, Inc.*, supra.

[13] Indeed, the Defendants conceded in their brief to the trial court that "questions may exist as to whether Plaintiff has been paid his full commissions."

[14] See *Gilley v. Hudson*, 283 Ga. App. 878, 879 (642 SE2d 898) (2007); see also OCGA § 9-11-56 (c).

[15] See *Gilley*, supra.

[16] See id.; see also OCGA § 9-11-56 (e).

[17] See *Gilley*, supra.

As set forth in Division 1 (a), because the jury considered Saulsbury's damages evidence at trial, we will not consider the Defendants' argument that he failed to produce evidence of his damages for breach of contract in response to the Defendants' motion for summary judgment.[18] And because the jury found in favor of the Defendants as to Saulsbury's fraud and promissory estoppel claims, any argument that the trial court erred in denying summary judgment as to these claims is moot.

2. Before trial, Saulsbury moved in limine to exclude any evidence regarding the purported illegality of the sale of CloneMyDVD, and the trial court granted the motion, concluding that the evidence was not relevant. On appeal, the Defendants allege that the trial court erred in excluding such evidence. This argument presents no basis for reversal.

Although Georgia law favors the admission of relevant evidence, "[e]vidence that does not bear directly or indirectly on the questions being tried should be excluded as irrelevant."[19] The determination of whether evidence is relevant lies within the discretion of the trial court, whose decision will not be disturbed on appeal absent an abuse of discretion.[20]

Here, the issue before the jury was whether the Defendants breached their agreement to pay Saulsbury commissions on sales of their product. The trial court permitted the Defendants to present evidence and argument that PaySystems had stopped paying More2Save at some point, and that certain sales were returned or cancelled. We agree with the trial court that the reason More2Save stopped selling CloneMyDVD was irrelevant to the issue of whether Saulsbury was owed commissions from the Defendants from past sales.[21] And, "[e]ven if relevant, the trial court was authorized to conclude that the substantially prejudicial impact of the evidence far outweighed any probative value."[22] Thus, the trial court did not abuse its discretion in excluding the evidence at issue.[23]

In support of their position, the Defendants rely upon *Carter v. Moody*,[24] in which the plaintiff sought enforcement of an agreement

---

[18] See *Lovell*, supra.

[19] *H. D. McCondichie Properties v. Ga. Dept. of Transp.*, 280 Ga. App. 197, 198 (1) (633 SE2d 558) (2006); see also OCGA § 24-2-1; *Kicklighter*, supra at 161 (4).

[20] See *Kicklighter*, supra; *Brock v. Wedincamp*, 253 Ga. App. 275, 281 (1) (558 SE2d 836) (2002); *Johnson v. Riverdale Anesthesia Assoc.*, 249 Ga. App. 152 (1) (547 SE2d 347) (2001).

[21] See *Kicklighter*, supra.

[22] See id.

[23] See *H. D. McCondichie*, supra; *Kicklighter*, supra.

[24] 236 Ga. App. 262 (511 SE2d 520) (1999).

whereby he agreed to sell certain securities.[25] The defendant sought to introduce evidence and argument that the stock purchase agreement was unlawful because it required the sale of unregistered securities in violation of the Georgia Securities Act.[26] The trial court excluded the evidence, and we reversed, finding that the trial court erred in foreclosing the defendant's illegality defense.[27] In the instant case, as set forth in Division 1 (b) — unlike in *Carter v. Moody* — the purpose of the parties' agreement was not unlawful. Accordingly, contrary to the Defendants' argument, our holding in *Carter v. Moody* does not require reversal of the trial court's exclusion of the evidence regarding the alleged illegality of the agreement in this case.

3. Saulsbury's motion to dismiss the Defendants' appeal is dismissed as moot.

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED JULY 5, 2007.

*White & Johnson, Karen T. White*, for appellants.
*Angelo T. Merolla*, for appellee.

---

[25] See id. at 263; see also OCGA §§ 10-5-5; 10-5-12.
[26] See *Carter*, supra at 264.
[27] See id.